Carolyn LEWIS, Appellant,

v.

Marvin W. LEWIS et al., Appellees.

No. 6922.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1960.

Crow & Crow, Canadian, James D. Crow, Canadian, of counsel, for appellant.

Wm. J. Jackson, Canadian, for appellees.

NORTHCUTT, Justice.

We will refer to the parties as they were in the trial court.

The plaintiffs' petition sought an accounting of the defendant, as well as partition of a section of land situated in Hemphill County, Texas. It was alleged that the defendant was named, appointed and qualified as the independent executrix of the will of W. W. Lewis, deceased, by the County Court of Hemphill County, but that the said estate was no longer subject to administration and the land aforesaid, which was devised by said will to the plaintiffs and the defendant, was now subject to partition and distribution, but not in kind. The petition further alleged that the plaintiffs had secured an accounting from the defendant in November, 1958, which did not please them, but no allegation was made as to whether the same had been approved by the County Court. Said accounting was made in response to an order of the County Court which had been secured by the plaintiffs upon their application directed to the defendant as executrix of the said estate of W. W. Lewis, deceased. Subject to her plea of privilege, the defendant traversed the petition of plaintiffs by exception and general denial. It was stipulated (and which was the only evidence adduced at the plea of privilege hearing) that some of the plaintiffs resided in Hemphill County, the defendant resided in Potter County, and the land, which was sought to be partitioned, lay in Hemphill County.

The defendant, appellant here, presents this appeal upon one point of error as follows:

## "Point One

"The trial court erred in assuming and holding that it had jurisdiction of the parties and the cause of action and that the plaintiffs made out a prima facie case against the defendant."

■ We do not believe a plea of privilege was a proper plea to be made in this case. Ordinarily, if the district court did not have jurisdiction of the case this court would not have jurisdiction. Under the pleadings here W. W. Lewis died on February 2, 1957, leaving a written will which was duly probated in the County Court of Hemphill County, Texas, in February, 1957, and that Carolyn Lewis duly qualified as the independent executrix of the estate of W. W. Lewis, deceased, all being less than four years after his death and the probating of the will. It is under the terms of W. W. Lewis' will that the plaintiffs have an interest here sought to be partitioned. The will directed that all of Mr. Lewis' debts be paid out of his estate by his executrix. It is also pleaded that there was still outstanding indebtedness against the estate. There is no question but what the administration is still pending and at the request of the plaintiffs the defendant filed in the probate court a statement of the condition of the estate, and there is nothing in the record to indicate any contest of such accounting and neither was there any showing as to what action was taken in the probate court upon the report.

Since the estate is in the hands of the independent executrix, the estate remains under the jurisdiction of the probate court and the district court cannot take any action regarding settlement of the estate so long as the executrix continues to discharge her duties. It is undisputed there were debts unpaid and apparently not sufficient funds on hand to pay the debts. Consequently, the district court did not have power to compel the independent executrix to file an accounting and deliver to the legatees their portion of the estate. Red-

ditt v. Quinn, Tex.Civ.App., 215 S.W.2d 367 (writ refused NRE).

Instead of pleading no administration was pending and that none was necessary, the pleadings showed that an administration was impending. Consequently, the district court was without jurisdiction to partition the estate. The Supreme Court stated in Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 727:

"It is settled that the district court is without jurisdiction to partition an estate of a deceased person within four years after the death of such person, unless it is pleaded and proved that no administration is pending on such estate, and that none is necessary."

It is stated in 3 Tex.Jur.2d, page 298, paragraph 31, and the cases there cited:

"31. As dependent on lower court's jurisdiction.

"Jurisdiction of the reviewing court depends on the jurisdiction of the lower court. Where a lower court had no jurisdiction, the higher court acquires no appellate jurisdiction over the merits of a case. In other words, on perfection of an appeal the appellate court acquires some jurisdiction although the trial court had none, but its jurisdiction extends no further as to the merits of the case than that of the trial court. The higher court has jurisdiction to make a proper disposition of the case despite the trial court's want of jurisdiction. Although in some instances appeals have been dismissed on this ground, the proper practice, if the judgment appealed from is one other than a judgment of dismissal, is to reverse the judgment appealed from and render such a judgment as the trial court should have rendered, that is a judgment dismissing the case. Sometimes the case is remanded with instructions to transfer it to the proper court, or with instructions to dismiss the cause, or with instructions

to dismiss it unless amended pleadings are filed setting forth a cause of action over which the court has jurisdiction."

Since this was not a judgment of dismissal, and the trial court did not have jurisdiction, it becomes our duty to reverse the judgment appealed from and to render judgment dismissing the case.

Judgment of the trial court reversed and judgment here rendered dismissing the case.