**C. H. CHRISTIAN et al., Appellants,**

**v.**

**Don HOWETH et al., Appellees.**

**No. 17595.**

Court of Civil Appeals of Texas, Fort Worth.

April 18, 1975.

Rehearing Denied May 16, 1975.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Fort Worth (on appeal only), and Stark & Barnhart, and Richard S. Stark, Gainesville, for appellants.

Henry & Hatcher, John Atchison, Gainesville, Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, and Thomas W. Kendrick, Hereford, for appellees.

## OPINION

BREWSTER, Justice.

This suit is an action brought by several of the testator's children seeking to set aside a County Court decree that admitted an instrument to probate as the last will of Hill Christian, deceased. It is an action to contest the will and to oppose its admission to probate.

The County Court of Cooke County had admitted the will to probate on January 17, 1973. This action to set aside that order admitting the will to probate was filed in County Court on February 12, 1973. A trial of the case was thereafter held in the County Court on November 6, 1973, following which trial the case was taken under advisement by the Judge. The record shows that on November 26, 1973, the trial court did sign and render judgment affirming its prior order admitting the will to probate. This order further denied the contestants' opposition to the probate of the will.

From this judgment of the County Court the contestants perfected an appeal to the District Court. No effort was at that time made to appeal directly from the County Court to the Court of Civil Appeals.

The case was later tried in the District Court which rendered judgment on April 4, 1974, denying the will contest and affirming the County Court order admitting the will to probate.

From that District Court decree the contestants have taken this appeal to this Court of Civil Appeals.

Before us for consideration now is the motion filed by the appellees (proponents of the will) to dismiss this appeal for want of jurisdiction.

We sustain the appellees' motion contending that this Court lacks jurisdiction over the merits of this case on appeal.

■ The County Court of Cooke County is a constitutional County Court.

One question presented to us in deciding this matter is whether a district court has appellate jurisdiction of an appeal from a constitutional county court of a contested probate proceeding that was decided after the effective date of Section 5 of the Probate Code, V.A.T.S., which effective date was November 23, 1973? See Boyd v. Dean, 515 S.W.2d 753 (Beaumont, Tex.

Civ.App., 1974, no writ hist.) (footnote No. 1 at page 754) as to effective date.

Prior to the amendment of Section 5 of the Probate Code, that section provided that district courts did have appellate jurisdiction of such cases.

By amendment of Section 8 of Article 5 of the Texas Constitution, Vernon's Ann. St., adopted November 6, 1973, that section was amended to provide: "The legislature . . . may provide that all appeals in such matters (referring to probate matters among others) shall be to the courts of (civil) appeals."

Section 5 of the Texas Probate Code was also amended effective November 23, 1973.

Two Court of Civil Appeals cases have recently been decided that have held that as a result of the 1973 amendment to Section 5 of the Probate Code, a district court does not in cases decided after November 23, 1973, have appellate jurisdiction of contested probate matters. They hold that only the Courts of Civil Appeals, in cases decided after the effective date of that statute, have jurisdiction to hear and determine appeals in such cases. See Boyd v. Dean, supra, and Butts et al. v. Ailshie, Independent Executrix, 521 S.W.2d 155, which was decided by the El Paso Court of Civil Appeals on March 12, 1975.

We agree with the conclusion that those courts reached on that point.

■ We therefore hold that only the Court of Civil Appeals, in an appeal direct to it, had appellate jurisdiction over the County Court's judgment of November 26, 1973.

■ The District Court to which the appeal of the County Court's decree was perfected had no jurisdiction over that appeal, and because the District Court had no jurisdiction this Court of Civil Appeals has no jurisdiction over the merits of this case on this subsequent appeal from the District Court. See Lewis v. Lewis, 333 S.W.2d

436 (Amarillo, Tex.Civ.App., 1960, no writ hist.) and 3 Tex.Jur.2d 318 (1974 Rev.), Appeal and Error, Sec. 27.

In seeking to avoid the conclusions that we have hereinabove reached, the appellants argue that instead of being rendered on November 26, 1973, the judgment in this case was rendered on November 12, 1973, which was before the effective date of the amendments to the Probate Code and Constitution that are above discussed. They say that since this is true the law in effect prior to the amendments is controlling, and cites as authority Atkins v. Rayburn, 506 S.W.2d 208 (Tex.Sup., 1974). Under the old law the appeal of the County Court decree to the District Court would have been proper.

We disagree with appellants' contention that the judgment of the County Court was rendered on November 12, 1973. There is nothing in the transcript that indicates that this is true. The judgment itself recites in substance that the case came on to be heard on November 6, 1973, and that at the conclusion of the evidence the Court announced that he would render a decision within one week. Its recitals then read: "IT IS THEREFORE, on this 26th day of November, 1973, duly ORDERED, ADJUDGED AND DECREED by the Court that said opposition to probate said will . . . is hereby in all things denied; . . . ." And above the signature of the judge was the following: "Signed this the 26th day of November, 1973."

■ The recitals in this judgment control our decision as to when the judgment in this case was rendered. It shows that the judgment was rendered on November 26, 1973, after the amendments to the Constitution and Probate Code that are involved here went into effect. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (Tex.Com.App., 1937) and cases cited on this point in Tejas Trail Property Owners Association v. Holt, 516 S. W.2d 441 (Fort Worth, Tex.Civ.App., 1974, no writ hist.).

Because the District Court from whose judgment this appeal was taken did not have jurisdiction of the case it is this Court's duty to reverse and thus vacate the judgment that the District Court had rendered that is presently on appeal to this Court and to here render judgment dismissing the appeal that appellants undertook from the County Court's decree to the District Court. Lewis v. Lewis, supra, and 3 Tex.Jur.2d 318 (1974 Rev.), Appeal and Error, Sec. 27. The effect of such action would be to leave in effect as a final judgment the County Court's decree that admitted the Hill Christian will to probate and denied the opposition to the probate of such will.

The District Court decree from which this appeal was taken is reversed and judgment is here rendered dismissing the appeal in this will contest case that appellants took from the County Court decree dated November 26, 1973, to the District Court.

All costs incurred in this will contest case, including both those incurred in the courts below and on this appeal, are taxed against appellants.