**Hattie Lucille GIFFORD, Appellant,**

v.

**BANK OF THE SOUTHWEST, A/K/A Mbank, Appellee.**

No. A14–85–615–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 1, 1986.

Jimmy D. Ashley, Bill R. Gifford, Tom Edwards, Houston, for appellant.

James S. Calvert, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and PAUL PRESSLER and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

·This is an appeal from a summary judgment based upon the statute of limitations. We affirm.

Appellant's husband executed his Last Will and Testament in November of 1943, and deposited it with the San Jacinto National Bank, which was appointed executor. This institution later merged with another bank, which then merged into the Bank of the Southwest. Appellant's husband died in February of 1974. On many occasions prior to his death, Mr. Gifford told his wife that the Bank was to be the corporate executor of his estate. In her affidavit in response to appellee's Motion for Summary Judgment, appellant states that she knew the terms of the will and that it should have been on deposit with the *Bank of the Southwest* since, "I had a copy of the original [w]ill that was dated in 1943 and placed in the Trust Department of San Jacinto Bank, and *my husband told me that the Bank of the Southwest was [e]xecutor of the [w]ill.*" (Emphasis added). The terms of the will provided that Mr. Gifford's entire estate was to pass to his wife.

A few days after her husband's death, appellant called the Bank concerning the will. She was informed that the will could not be located. Appellant and her son called the Bank on several occasions only to be advised that the Bank still had not located the will. Because of the Bank's failure to tender the will, appellant states that she was required to probate her husband's estate as if he had died intestate. In May of 1974, the probate court divided Mr. Gifford's estate with one-half passing to appellant and one-half to her son.

In November of 1982, appellant received a letter from the Bank's trust department addressed to her deceased husband. This letter stated that the Bank valued Mr. Gifford's involvement in its trust group and requested information to help the Bank update its trust department records. When appellant telephoned to inquire about the meaning of the letter, she discovered that the Bank had located her husband's will.

In July of 1984, appellant sued the Bank, alleging a breach of its contract of bailment. The Bank asserted that appellant's cause of action was barred by TEX.REV. CIV.STAT.ANN. art. 5529 (Vernon 1958), the statute of limitations applicable to contract actions.[1] The sole issue presented to us is when appellant's cause of action accrued. Appellant argues that it accrued in November 1982, when she discovered the Bank had located the will. The Bank, on the other hand, asserts that it accrued in 1974, when appellant learned that the Bank could not locate the will.

 In her first point of error, appellant contends the trial court erred in grant-

---

1. Article 5529 was repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1), eff. Sept. 1, 1985. It has been replaced by § 16.051 of the new Texas Civil Practice and Remedies Code. That section now reads: "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought no later than four years after the day the cause of action accrues."

ing appellee's Motion for Summary Judgment because the Bank was estopped from relying on the defense of limitations. Our review of the record indicates that appellant failed to plead estoppel specifically. To rely on that affirmative defense, a party's pleadings must allege with particularity the facts necessary to establish estoppel. Tex.R.Civ.P. 94. *See also Bickler v. Bickler,* 391 S.W.2d 106 (Tex.Civ.App.—Austin 1965), *aff'd in part, rev'd in part on other grounds,* 403 S.W.2d 354 (Tex.1966). Where, as here, it appears on the face of appellant's petition that her action is barred by limitations, she, as nonmovant, has the burden of producing summary judgment evidence sufficient to raise a fact issue on estoppel. *Cook v. Smith,* 673 S.W.2d 232 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). *See also Whatley v. National Bank of Commerce,* 555 S.W.2d 500 (Tex. Civ.App.—Dallas 1977, no writ).

■ Appellant has failed in her burden. Her Second Amended Original Petition specifically alleges estoppel, but the trial court apparently struck this pleading. Appellant proceeded with the summary judgment hearing on her Amended Original Petition. Appellant has not alleged error in the trial court's refusal to consider her Second Amended Original Petition and has waived any error. *Lout v. Whitehead,* 415 S.W.2d 403, 407 (Tex.1967). The first point of error is overruled.

■ In her second point of error appellant asserts that limitations were tolled by the "discovery rule" or by the Bank's concealment of the facts. Appellant had the burden of presenting sufficient summary judgment evidence to raise a fact issue on fraudulent concealment. Appellant has failed to meet this burden. Therefore, her allegations of fraudulent concealment will not defeat appellee's right to summary judgment. *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974).

■ Appellant was fully aware of the facts giving rise to her cause of action in May 1974, when her husband's estate was probated without the will that should have been in the Bank's possession. A statute of limitations begins to run at the time the wrong was or should have been discovered, not from the date of the wrongful act or omission. *See generally Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977) (involving a medical malpractice claim). Here appellant knew in 1974 that the Bank should have had the will. She made demand on the Bank at that time for delivery. As a result of the Bank's failure to deliver, appellant suffered injury. These facts were sufficient to allow appellant to sue the Bank for a breach of its contract of bailment. They were known to her in 1974, and her cause of action against the Bank accrued at that time. She did not need to allege that the Bank actually *possessed* the will in 1974. She was required to allege merely that a bailment existed and that the Bank, as bailee, failed to return the bailed property. *See Allright, Inc. v. Strawder,* 679 S.W.2d 81 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Classified Parking Systems v. Dansereau,* 535 S.W.2d 14 (Tex. Civ.App.—Houston [14th Dist.] 1976, no writ). Since appellant was aware of the facts giving rise to her cause of action in 1974, the suit she filed in 1984 is barred by limitations. Appellant's second point of error is overruled.

The trial court's judgment granting appellee's Motion for Summary Judgment is affirmed.