The **CITY OF ASHERTON,**
Texas, Appellant,

v.

Sharon **TRIGO,** Appellee.

No. 04–85–00209–CV.

Court of Appeals of Texas,
San Antonio.

July 9, 1986.

Rogelio Munoz, Dist. Atty., Uvalde, for appellant.

Sharon Trigo, Laredo, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

The City of Asherton appeals the grant of a summary judgment on its cross-action against Sharon Trigo. Trigo brings a cross-point complaining of the denial of her request for writ of mandamus.

Sharon Trigo, an attorney, was awarded $2,100.00 plus interest and attorney's fees against the City of Asherton on April 25, 1983. In October of 1984, Trigo filed a petition for writ of mandamus in which she requested the trial court to order the City to raise revenues and to pay the 1983 judgment. The City answered and raised a counterclaim in which it alleged Trigo had breached her duty to the City as city attorney in allowing a default judgment to be taken against the City on March 15, 1982, in Cause No. 81–CI–19237. The City sought to recover from Trigo the amount of the award taken against them in the 1982 judgment. Trigo filed a written response claiming, by way of defense, the expiration of the two year statute of limitations and the fact that she had been ordered by the mayor of Asherton not to appear at the trial of the 1982 suit. The City's response claims the mayor has no authority to settle lawsuits or to authorize the taking of a judgment by default.

Trigo moved for summary judgment on the City's counterclaim. The trial court signed an order denying Trigo's requested relief by writ of mandamus on March 5, 1985, and an order granting Trigo a summary judgment on the City's counterclaim on April 16, 1985. Both parties seek our review of the orders.

The City contends the trial court erred in granting Trigo's motion for summary judgment without holding a hearing. The

record fails to indicate that no hearing was held. The summary judgment recites:

> On this the *16th* day of *April,* 1985, came on to be heard Counter-Defendant's Motion for Summary Judgment.

The recital in the trial court judgment is controlling on this court. *Christian v. Howeth,* 522 S.W.2d 700, 702 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).[1] Therefore, we must presume the trial court held a hearing. We hold the trial court did not err.

The City complains the trial court erred in granting Trigo's motion for summary judgment because the motion fails to state the specific grounds entitling her to judgment.

Trigo's motion for summary judgment on the City's counterclaim states:

> The pleadings and affidavits on file in this cause show that there is no genuine issue of material fact and that Counter-Defendant is entitled to judgment on the Counterclaim as a matter of law.

■ The City's response to Trigo's motion points out the failure in the motion to state specific grounds. However, Trigo attached an affidavit to her motion in which she states that she did not make an appearance in Cause No. 81–CI–19237 because the mayor of the City instructed her not to attend the trial of the cause.[2] She further states that two years have passed since the taking of the default judgment. A copy of the default judgment is attached to the City's pleadings. The judgment was signed March 15, 1982. The City filed its claim October 31, 1984.

■ While Trigo's motion must state the grounds for summary judgment, TEX.R. CIV.P. 166–A(c) requires only that the issues upon which summary judgment is requested be expressly presented to the trial court. Issues may be expressly presented by considering all of the summary judgment evidence presented in the case. *Sparks v. Cameron Employees Credit Union,* 678 S.W.2d 600, 602 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Albritton v. Henry S. Miller Co.,* 608 S.W.2d 693, 695 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.). Trigo sufficiently presented the issues to the trial court in her affidavit attached to her motion for summary judgment.

■ The City complains that issues of fact exist concerning its counter-claim and that summary judgment is therefore improper. While the summary judgment evidence does indicate the existence of a fact issue as to whether Trigo wrongfully allowed a default judgment to be taken against her client, the case is disposed of on the issue of limitations. A cause of action for legal malpractice is a tort action and is therefore governed by the two year statute of limitations. *Liles v. Phillips,* 677 S.W.2d 802, 807 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Gabel v. Sandoval,* 648 S.W.2d 398, 399 (Tex.App.—San Antonio 1983, writ dism'd); TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp. 1986). The period of limitations begins with the date of legal injury, absent a contention of fraud or fraudulent concealment. *Liles v. Phillips,* 677 S.W.2d at 807. The limitations period is tolled during the

---

1. Trigo urges the docket sheet of the trial court is proof that the trial court held a hearing. She submitted the docket sheet to this court in a supplemental transcript. However, she failed to comply with local court Rule 5 of this court which specifically provides that when no written authorization signed by the attorneys for all parties to the appeal accompanies the supplemental transcript, the attorney tendering the supplemental transcript must file a motion for leave to file. No signed authorization from the attorneys or a motion for leave to file were submitted. Therefore, we are unable to consider any material contained in the supplemental transcript.

2. Trigo's affidavit fails to comply with the requirements of TEX.R.CIV.P. 166–A(e). The rule requires that the affidavit be made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated therein. Her affidavit does not state that she has personal knowledge of the facts stated or that she is competent to testify to these matters. However, the City has waived any objections to these defects in form because it failed to specifically point them out by objection. TEX.R. CIV.P. 166–A(e).

existence of the attorney-client relationship if the attorney fails to disclose material facts to the client. *McClung v. Johnson,* 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). However, the City raises nothing concerning tolling of limitations. The statute of limitations has run on its counterclaim. The trial court did not err in granting summary judgment.

Trigo raises one cross-point of error in which she urges the trial court erred in failing to hold an evidentiary hearing on her petition for writ of mandamus. The trial court signed an order on March 5, 1985, denying her petition. The order states that the petition for writ of mandamus was heard March 5, 1985, that attorneys for both parties were present, and that the court listened to the evidence. The recital in the judgment is binding on this court. *Christian v. Howeth,* 522 S.W.2d at 702. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.