Harry Albert **HARTSOUGH,** Appellant,

v.

L. Mark **STEINBERG,** Appellee.

No. 05–86–01084–CV.

Court of Appeals of Texas,
Dallas

Aug. 20, 1987.

Rehearing Denied Sept. 24, 1987.

Alfred W. Ellis, Dallas, for appellant.

Michael L. Knapek, Retta A. Miller, Dallas, for appellee.

Before WHITHAM, HECHT and BAKER, JJ.

WHITHAM, Justice.

The client-appellant, Harry Albert Hartsough, brought this action against the attorney-appellee, L. Mark Steinberg, alleging legal malpractice and violations of the Texas Deceptive Trade Practices Act. Hartsough appeals from a summary judgment rendered in favor of Steinberg on the basis that Hartsough's claims were barred by limitation. We agree with the trial court that Hartsough's claims were barred by limitation. Accordingly, we affirm.

Previously, Hartsough employed Steinberg to represent Hartsough in obtaining a divorce. The divorce was granted on February 4, 1982. On January 11, 1983, the trial court in the divorce action informed Hartsough that his divorce of February 4, 1982 was void due to the fact that Steinberg had failed to obtain and file a proper waiver of citation from the then Mrs. Hartsough. On August 15, 1983, the trial court in the divorce action ordered that the original divorce decree be set aside and a subsequent contested divorce trial was held.

In the present case, Hartsough filed his original petition in this cause on January 14, 1985. Hartsough alleged that Steinberg, as Hartsough's attorney, failed to obtain and file a signed and executed waiver of citation and entry of appearance from the then Mrs. Hartsough prior to the entry of the decree in the divorce action. Hartsough alleged that, as a result, Steinberg was negligent and in violation of the Texas Deceptive Trade Practice-Consumer Protection Act. TEX. BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1987) (the "Act"). Before Steinberg filed his motion for summary judgment, Hartsough filed his answers to Steinberg's (first set) written interrogatories. In response to interrogatory number twelve, Hartsough stated:

On January 11, 1983 [Hartsough] was informed by Judge Dan Gibbs that his divorce on February 4, 1982 was void, due to the fact that [Steinberg] had failed to obtain and have filed a proper Waiver of Citation and Entry of Appearance from Candice Cahill Hartsough.

Hartsough verified his answers to Steinberg's (first set) written interrogatories to be true and correct. Thereafter, Steinberg filed a motion for summary judgment asserting that Hartsough's claims are barred by limitations. Hartsough filed a response to Steinberg's motion for summary judgment; however, Hartsough filed no affidavits and submitted no summary-judgment evidence to support a denial of summary judgment.

The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are well established. As mandated by the Supreme Court of Texas, they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). It is not the purpose of the summary-judgment rule to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

We begin by noting a possible technical problem arising from the contents of Steinberg's motion for summary judgment and Hartsough's response to the motion for summary judgment. In the first paragraph of his motion, Steinberg asserts that "[Hartsough's] claims in this matter are barred by the appropriate two-year statute of limitations." In paragraph three of his motion, Steinberg "says that the applicable limitations is governed by § 16.003 of the Texas Civil Practice and Remedies Code." In his response, Hartsough asserts that "the appropriate Statute of Limitations governing the filing of this lawsuit is contained in Section 17.56A, Texas Business and Commerce Code." The trial court's summary judgment stands silent as to which statute of limitations the trial court deemed applicable. In his sole point of error, Hartsough contends that the trial court erred in granting the motion for summary judgment based upon the failure of Hartsough to file his cause of action within the appropriate statute of limitations. In the conclusion paragraph in his brief, Hartsough makes this statement: "First, [Steinberg] relied upon the wrong statute of limitations which, in and of itself, should have

precluded the granting of a Summary Judgment."

Other than this one sentence, Hartsough does not argue that the trial court erred in rendering summary judgment upon grounds not advanced in the motion for summary judgment. Indeed, the thrust of Hartsough's argument on appeal is his contention that, because this is a cause of action based upon the Act, the controlling statute of limitations is contained in section 17.56A of the Act as follows:

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading or deceptive act or practice occurred or within two years after the consumer discovered *or in the exercise of reasonable diligence should have discovered* the occurrence of the false, misleading or deceptive act or practice.

(Emphasis added.) All assignments of error not brought forward as points of error in an appellant's brief are waived. *Williams v. Cassel*, 515 S.W.2d 403, 405 (Tex.Civ.App.—Austin 1974, no writ). Consequently, we conclude that Hartsough has not brought forward any complaint that the trial court erred in rendering summary judgment because the motion for summary judgment sought judgment on one ground only; to wit: that Hartsough's claims were barred by section 16.003 of the Texas Civil Practice and Remedies Code. We conclude further, therefore, that Hartsough has waived any error sought to be assigned as might be found in the above-quoted sentence found in the conclusion paragraph in his brief.

Thus, we treat Hartsough's point of error as contending that, because his cause of action was not barred by section 17.56A of the Act, the trial court erred in granting the motion for summary judgment. In this connection, we read Hartsough's brief to maintain that, since he has alleged claims under the Act, section 17.56A of the Act is the applicable statute of limitations to both his claims for legal malpractice and for violations of the Act. Indeed, Hartsough does not advance any argument as to why section 16.003 of the Texas Civil Practice

and Remedies Code does not bar his cause of action for legal malpractice. Instead, Hartsough tells us that "[s]ince this is a cause of action based upon the [Act], the appropriate statute of limitations governing the filing of this lawsuit is contained in section 17.56A [of the Act]." Therefore, for the purposes of this opinion, we assume, but do not decide, that section 17.56A of the Act is the applicable statute of limitations to both Hartsough's claims for legal malpractice and for violations of the Act.

With that assumption in place, we reach the issues. Hartsough asserts that the discovery rule contained in section 17.56A of the Act is applicable and that a fact question exists as to when he discovered, or in the exercise of reasonable diligence should have discovered, facts giving rise to his claims. Furthermore, Hartsough maintains that the burden was on Steinberg to establish as a matter of law that there is no genuine issue of fact concerning the time when he discovered, or should have discovered, the facts giving rise to his claims. Hartsough finds authority for so placing the burden in a 1977 decision of the Supreme Court in a medical malpractice case. To be entitled to summary judgment based on limitation, the burden is on the movant to negate the pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977). Steinberg, however, pointing to a later decision of the Supreme Court in a legal malpractice case, maintains that Hartsough had the burden of proof of the discovery rule as an affirmative defense to a statute of limitations.

> The court of civil appeals based its affirmance of the summary judgment for the partner's estate on the ground that the client had failed to meet his summary judgment burden of pleading and proof of the "discovery rule" as an affirmative defense to the statute of limitations. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). We agree and, accordingly, we refuse the

application for writ of error, no reversible error.

*Smith v. Knight*, 608 S.W.2d 165, 166 (Tex. 1980). In *Smith* the Supreme Court went on to state that, because the client's failure to controvert the motion for summary judgment is dispositive of the case, the court did not reach the question of the applicability of the discovery rule in legal malpractice cases. *Smith*, 608 S.W.2d at 166.

For the purposes of this opinion, we assume, but do not decide, that *Weaver* controls the present case and that, therefore, the burden was on Steinberg, as movant, to negate Hartsough's pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when Hartsough discovered, or should have discovered, the nature of his injury. *See Weaver*, 561 S.W.2d at 794. Nevertheless, we conclude that we must overrule Hartsough's sole point of error if Steinberg had the burden of negating the discovery rule under section 17.56A of the Act. We reach this conclusion because there is undisputed summary-judgment proof that Hartsough discovered by January 11, 1983, the facts giving rise to any cause of action against Steinberg. Rule 166–A of the Texas Rules of Civil Procedure provides that summary judgment may be rendered on answers to interrogatories on file at the time of the hearing showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion.

We conclude that Hartsough's answers to interrogatories on file at the time of the hearing establish as a matter of law that Hartsough discovered the facts of which he complains more than two years before filing suit. We reach this conclusion because where the discovery rule applies, limitations commences when the plaintiff becomes aware of the facts giving rise to plaintiff's cause of action. *See Gifford v. Bank of the Southwest*, 712 S.W.2d 182, 184 (Tex.App.—Houston [14th Dist.] 1986, no writ). In the present case, the only fact of which Hartsough complains is that Steinberg failed to obtain a waiver of cita-

tion and entry of appearance prior to the February 4, 1982 divorce. Hartsough's sworn answers to interrogatories confirm that he discovered this fact by January 11, 1983. Hartsough filed this suit on January 14, 1985. Therefore, we conclude that, under section 17.56A of the Act, Hartsough's claims are barred by limitations. It follows, and we so hold, that the trial court was correct in granting Hartsough's motion for summary judgment. We overrule Hartsough's sole point of error.

Moreover, we conclude that we must overrule Hartsough's sole point of error if Hartsough had the burden of proof of the discovery rule as an affirmative defense to a statute of limitations. Therefore, for the purposes of this opinion, we next assume, but do not decide, that *Smith* is controlling as to the burden of proof of the discovery rule and that, therefore, Hartsough had the burden of proof of the discovery rule as an affirmative defense to a statute of limitations. Indeed, although not citing *Smith,* an opinion of one of our sister courts of appeals would, by its holding, place the burden of proof of the discovery rule upon Steinberg.

When a defendant moves for summary judgment on the basis of an affirmative defense such as limitations, the movant must prove conclusively all elements of the defense as a matter of law, leaving no genuine issue of a material fact remaining. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, no writ). The movant has the burden of establishing limitations as a matter of law. *Palmer,* 728 S.W.2d at 435. Once the movant establishes a right to a summary-judgment, the non-movant in his response must expressly present any reasons seeking to avoid the movant's entitlement, and such reasons must be supported by summary-judgment proof to establish a fact issue. *Palmer,* 728 S.W.2d at 435. If a movant establishes an affirmative defense which would bar the suit as a matter of law, the non-moving party must then adduce summary-judgment proof raising a fact issue in avoidance of the affirmative defense, for example, facts which would bring the matter within an exception or defense to the movant's

affirmative defense. *Palmer,* 728 S.W.2d at 435.

Given the assumption that *Smith* controls, a prior decision of this court suggests that we would hold that the burden of proof of the discovery rule was that of Hartsough. In a summary-judgment case, the burden is on the non-movant to produce summary-judgment evidence sufficient to raise a fact issue on estoppel in avoidance of the affirmative defense of limitations. *Cook v. Smith,* 673 S.W.2d 232, 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). If in a summary-judgment case we place the burden on the non-movant to produce summary-judgment evidence sufficient to raise a fact issue on estoppel to defeat the defense of limitations, then, we see no reason not to place the burden on the non-movant in this summary-judgment case to produce summary-judgment evidence sufficient to raise a fact issue under the discovery rule to defeat the defense of limitations.

Assuming, therefore, that it was Hartsough's burden to adduce summary-judgment proof raising a fact issue regarding his discovery rule defense in avoidance of the statute of limitations, Hartsough did not do so. Because Hartsough produced no summary-judgment proof that his suit was filed within two years of his discovery of facts giving rise to any cause of action, we conclude that Hartsough's claims are barred by limitation under section 17.56A of the Act. Therefore, under any two-year period of limitations, Hartsough's claims are barred by limitations. Hence, had we not overruled Hartsough's sole point of error for the reasons stated above, we would still conclude that the trial court was correct in granting Steinberg's motion for summary-judgment and we would overrule Hartsough's sole point of error.

Although we conclude that Hartsough's claims are barred by the two-year statute of limitations found in section 17.56A of the Act under either the *Weaver* or the *Smith* approach to the discovery rule, we note that in section 17.56A of the Act the discovery rule is an integral part of determining when the period of limitation begins. Thus, all actions must be commenced

(1) within two years after the date of the occurrence or (2) within two years after the consumer discovered, or should have discovered, the occurrence. Consequently, at some point the Supreme Court will tell us whether the structure of section 17.56A requires the *Weaver* approach or the *Smith* approach.

Affirmed.

HECHT, J., concurs with an opinion.

HECHT, Justice concurring.

I concur in the result the majority reach and with much of their reasoning. However, I disagree that Hartsough has failed to complain that summary judgment was erroneously rendered on a ground not raised by Steinberg's motion.

The majority admit that Hartsough's brief explicitly states the contention that Steinberg asserted the wrong statute of limitations in his motion for summary judgment, and that the judgment should be reversed for that reason. The majority even quote a sentence from the brief which clearly raises the issue. The majority nevertheless conclude that the issue can be ignored, apparently for two reasons.

First, the majority seem to think one sentence is not enough to raise the issue. "Other than this one sentence," the majority write, Hartsough does not argue the issue. How many sentences does it take to raise an issue on appeal? Two? Ten? Would one paragraph, or even one page, in a 50–page brief be enough? The majority fail to explain why one sentence is not enough, or what would be.

Second, the majority appear to justify ignoring the issue because it is not what they perceive to be "the thrust of Hartsough's argument". The majority offer no guidance for distinguishing between "thrust" arguments and "non-thrust" arguments, nor do they explain why the latter are not entitled to consideration.

Over a decade ago the Supreme Court wrote:

> This Court has ... adopted a liberal rule with reference to the construction of points contained in appellants' briefs and applications for writ of error and will pass on the merits of a point of error in the light of the statement and argument thereunder.

*O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976). We should do the same. For now, wary practitioners should take note that for arguments to receive consideration here, they must not only be made, they must also be sufficiently emphasized in the briefs.

On the merits, I see no difficulty in disposing of Hartsough's contention. This is not a case to consider whether a summary judgment can be affirmed on grounds not expressly presented to the trial court. Steinberg's motion does not limit itself to section 16.003 of the Texas Civil Practice and Remedies Code Annotated but relies on "the appropriate two-year statute of limitations." The ambiguity in Steinberg's motion is clarified by Hartsough's response and the argument before the trial court, both explicitly addressing the issue whether Hartsough's claims are barred by section 17.56A of the Texas Business and Commerce Code Annotated. This is sufficient to meet the requirement that summary judgment issues be expressly presented to the trial court. *See Cove Investments, Inc. v. Manges,* 602 S.W.2d 512, 517 (Tex. 1980); *City of Asherton v. Trigo,* 714 S.W.2d 90, 92 (Tex.App.—San Antonio 1986, no writ).

I agree with the majority that the judgment of the district court must be affirmed. In my view, however, Hartsough is entitled to have all his arguments, even his one-sentence arguments, addressed. Texas Rule of Appellate Procedure 90(a).