**INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY, Appellant,**

**v.**

**CHILDS, FORTENBACH, BECK & GUYTON, Patricia Totten–Wilder and Devry Garrett, Appellees.**

**No. 9618.**

Court of Appeals of Texas, Texarkana.

Aug. 2, 1988.

David K. Anderson, Caddell & Conwell, Houston, for appellant.

Thomas C. Godbold, Fulbright & Jaworski, Houston, for appellees.

CORNELIUS, Chief Justice.

Appellant, Independent Life & Accident Insurance Company, sued Childs, Fortenbach, Beck & Guyton, and Patricia Totten-Wilder and Devry Garrett, appellees, for damages for legal malpractice. The trial court granted appellees' motion for summary judgment on the basis that appellant's action was barred by the two-year statute of limitations. Because appellees' summary judgment proof failed to conclusively show that the limitation statute had run, we reverse the summary judgment and remand the case for trial.

Appellant engaged the law firm of Childs, Fortenbach, Beck & Guyton to represent it in foreclosing a real estate mortgage on property owned by Mr. and Mrs. Sam Augustine. The sale was effected on January 1, 1985. P & L Seismic purchased the property at the sale. It was later revealed that the employees of the law firm had failed to provide the Augustines with notice of appellant's intent to accelerate the note which the mortgage secured. The Augustines filed suit against P & L Seismic to set aside the sale because of the failure to give the required notice, among other reasons. By then, the Augustines were in bankruptcy. On September 19, 1985, P & L Seismic filed a third-party action against appellant for indemnification against the Augustines' claim. The Augustines also amended their complaint to add appellant as a defendant in their suit for wrongful foreclosure. Appellant then filed a third-party complaint in the bankruptcy court against appellees. The complaint was later dismissed by the bankruptcy court for lack of jurisdiction. Appellant then filed this state court action for malpractice against appellees on June 5, 1987.

■ Attorney malpractice actions are subject to the two-year statute of limitations. *City of Asherton v. Trigo*, 714 S.W.2d 90 (Tex.App.–San Antonio 1986, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). The discovery rule applies to these cases, so the limitations statute begins to run only when the facts establishing the cause of action are discovered, or should have in the exercise of reasonable care and diligence been discovered by the plaintiff. *Willis v. Maverick*, 31 Tex. Sup.Ct.J. 569 (July 6, Tex.1988).

■ The discovery rule is not a plea of confession and avoidance, but is the test to be used in deciding when the plaintiff's cause of action accrued. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Consequently, it is the summary judgment movant's burden, in a cause where the discovery rule applies, to prove by summary judgment evidence that no fact issue exists as to when the plaintiff discovered or should have discovered the negligent act or omission which forms the basis of his suit. *Reed v. Wylie*, 597 S.W.2d 743, 749 (Tex. 1980); *Hays v. Hall*, 488 S.W.2d 412 (Tex. 1972); *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967); *Romo v. Glascock*, 620 S.W.2d 829 (Tex.Civ.App.–Dallas 1981, no writ).

■ Appellees' summary judgment proof only demonstrated that the foreclosure sale was held on January 1, 1985, the suit by P & L Seismic against appellant was filed on September 19, 1985, and this suit was filed on June 5, 1987. Since they did not meet their burden to show that appellant discovered or should have discovered the negligent act more than two years before June 5, 1987, summary judgment should not have been rendered for appellees.

■ We also find that, as asserted in appellant's response to appellees' motion, summary judgment was improper because, apart from the discovery rule, appellant's cause of action did not accrue until September 19, 1985, when P & L's action against it was filed. Until that time, there was only the potential that appellant would be injured by appellees' failure. *See Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967); *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App.–Eastland 1979, writ ref'd n.r.e.).

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for trial on the merits.