**GULF COAST INVESTMENT CORPORATION,**
**Appellant,**

v.

**Charles A. BROWN and Brown & Shapiro, Appellees.**

**No. B14–90–00878–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1991.

Rehearing Overruled Aug. 8, 1991.

Mary E. Wilson, Houston, for appellant.

Samuel A. Houston, Andrew S. Hanen, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant sought damages for legal malpractice arising from a wrongful foreclosure by appellees. Appellees moved for summary judgment claiming that appellant's action was barred by the two year statute of limitations. Appellant amended his petition and added a second basis for his claim of legal malpractice six days before the summary judgment hearing. The trial court granted summary judgment on both. We affirm in part and reverse and remand in part.

Appellant is a corporation involved in selling real estate mortgages and providing loan services for investor-mortgagees. Appellees were retained by appellant to conduct a non-judicial foreclosure sale of real property owned by Thomas and Darlene Smith. A sale was consummated on June 2, 1987. The Smiths sued appellant for

wrongful foreclosure on September 30, 1987. Appellant answered by October 22. The law firm had failed to provide the Smiths with notice of appellant's intent to accelerate the note which the mortgage secured even though it was aware of this apparent defect prior to the foreclosure sale. Failure to give notice of intent to accelerate the note caused the foreclosure to be null and void. On November 2, 1989, more than two years after their answer to the Smiths' suit, appellant sued appellees for legal malpractice, alleging that appellees failed to determine properly whether appellant had given sufficient notice to the Smiths of appellant's intent to accelerate.

In their first point of error, appellant alleges that the trial court erred in granting appellees' motion for summary judgment on limitations grounds because appellant's cause of action did not arise until a judgment was entered against appellant in the Smith law suit since the statute of limitations did not begin to run until they were "legally injured." Legal injury, appellant argues, occurred when damages were "established" in the Smith law suit.

■ Malpractice actions against attorneys are governed by the two-year statute of limitations. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988); TEX.CIV.PRAC. & REM.CODE ANN. § 16.003. The primary purpose of statutes of limitation is to compel an action to be filed within a reasonable time so that the opposing party can defend while witnesses are available and evidence is fresh. *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977). Under the two-year statute, a suit must be brought within two years of the date the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986).

■ In *Willis v. Maverick*, the Supreme Court of Texas held that the discovery rule applies to legal malpractice causes of action. 760 S.W.2d at 646. Under the discovery rule, the statute of limitations does not begin to run until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing a cause of action. *Id.* The discovery rule is not a plea of confes-

sion and avoidance but is the test to be used in deciding when the plaintiff's cause of action accrued. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Prior to the *Willis* decision, a wide variety of tests were used by the courts to determine when the statute begins to run. See, e.g., *Black v. Wills*, 758 S.W.2d 809, 816 (Tex.App.—Dallas 1988, no writ).

■ Where the defendant moves for summary judgment on the affirmative defense of limitations, he must prove as a matter of law when the cause of action accrued and that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267–68 (Tex.1990). It is the appellees' burden to prove that no fact issue exists as to when appellant discovered or should have discovered the negligent act or omission which forms the basis of his suit. *Reed v. Wylie*, 597 S.W.2d 743, 749 (Tex.1980).

Appellees' summary judgment proof consists of the appellant's answers to interrogatories and requests for admissions, and correspondence between the Smiths and appellant, all verified by sworn affidavit. This proof showed that appellants were informed by a letter from the Smiths' attorney prior to August 1, 1987, that the foreclosure sale was conducted without the requisite notice. It also shows that the Smiths filed suit on September 30, 1987, and appellant was served by October 2. Appellant answered on or about October 22, 1987. Thus, there is no fact issue as to when appellant discovered or should have discovered the alleged legal malpractice.

Appellee counters that the cause of action accrued on or about May 12, 1989, when a final judgment was given in the Smith suit and the damages to appellant resulting from the wrongful foreclosure were "established." Appellant argues that the trial court used the wrong standard in considering whether the appellees met their burden of proof.

Appellant argues under *Atkins v. Crossland*, 417 S.W.2d 150 (Tex.1967), that when the Smiths initiated their suit, there existed

only a potential for injury. *Atkins* held that a client's cause of action against his accountant for choice of an accounting method did not accrue until the tax deficiency was assessed by the Internal Revenue Service. *Atkins* further held that in the absence of an assessment, injury was not inevitable. *Id.* at 153. A deficiency assessment, however, like the filing of the suit by the Smiths, poses only a risk of harm to the plaintiff, and does not represent inevitable harm or "established" damages. The assessment was still subject to judicial review. Appellant cites several other cases which are also distinguishable.

In *Independent Life & Accident Insurance Co. v. Childs, Fortenbach, Beck & Guyton,* 756 S.W.2d 54 (Tex.App.—Texarkana 1988, no writ), the court was presented with almost an identical issue. Independent Life & Accident Insurance Company sued its attorney after it was sued for wrongful foreclosure. As in this case, the mortgage company alleged that its attorney had negligently failed to insure that notice of intent to accelerate had been given to the debtors prior to the foreclosure. The Texarkana Court of Appeals stated that in such a case the cause of action against the attorney accrued when it was joined in the debtor's wrongful foreclosure suit, that is, when the suit was filed against it. *Id.* at 55.

In *Liles v. Phillips,* 677 S.W.2d 802 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.), a client sued his attorney for wrongfully refusing to litigate the client's action against various parties in a credit dispute. The attorney argued that limitations started running when the client's file was returned. The client argued, as appellant argues in this case, that the claim accrued when a judgment was entered against him in the credit dispute. The court of appeals held that the date for limitations purposes was the date the client's file was returned, even though the actual damages may have occurred when the client had a take nothing judgment taken against him. *Id.* at 808.

 The harm created by an attorney's conduct need not be finally estab-

lished. *Zidell v. Bird,* 692 S.W.2d 550, 557 (Tex.App.—Austin 1985, no writ). Rather, only the risk of harm must be clearly shown. *Id.; Black v. Wills,* 758 S.W.2d at 816. Only where a final judgment is an essential element of the plaintiff's cause of action and essential to complete the wrong does this standard not apply. *See Zidell,* 692 S.W.2d at 557. Here, a final judgment was not an essential element in the appellant's legal malpractice case. Appellant's cause of action for legal malpractice accrued on September 30, 1987, when the Smiths sued. *See Independent Life,* 756 S.W.2d at 55. Appellant's first point of error is overruled.

In his second point of error, appellant claims that the trial court erred in granting appellees a summary judgment on appellant's second cause of action which related to another wrongful foreclosure. Six days before appellees' motion for summary judgment was set for hearing, appellant amended his petition to include an allegation of wrongful foreclosure on real property owned by Steven and Joyce Katona. The sale of the Katona property by the appellee was allegedly conducted in substantially the same manner as the sale of the Smiths' property.

 Summary judgment cannot be granted on a matter not addressed in the summary judgment proceeding. *Id.; see also Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983); *Great–Ness Professional Services, Inc. v. First Nat'l Bank of Louisville,* 704 S.W.2d 916, 918 (Tex.App.—Houston [14th Dist.] 1986, no writ). Amendments sought within seven days of the time of trial are to be granted unless there is a showing of surprise. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex. 1988). A summary judgment proceeding is a trial within the meaning of Rule 63. *Id.; Jones v. Houston Materials Co.,* 477 S.W.2d 694, 695 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). Although there is no indication that leave to file a late amendment was granted, it will be presumed that leave was granted and the first amended original petition was properly be-

fore the court for the summary judgment hearing. *Goswami,* 751 S.W.2d at 490.

For appellees to merit a summary judgment on both causes of action, their motion must expressly present the issues raised in both causes of action and also prove conclusively that limitations had run as to both of them. *See, e.g., Bethurum v. Holland,* 771 S.W.2d 719, 723 (Tex.App.—Amarillo 1989, no writ). Appellant's second cause of action was not expressly presented. Granting summary judgment was thus unauthorized and improper as to the second cause of action. Appellant's second point of error is sustained.

The summary judgment is affirmed on appellant's first cause of action, and reversed on appellant's second cause of action. The cause of action regarding the Katona property is remanded to the trial court for a trial on the merits.