NUMBER 13-07-598-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SEALY RG VALLEY BUILDINGS, L.P., Appellant,


v. 


JAMES T. GRIFFIN, Appellee.

 


On appeal from the 107th District Court 

of Cameron County, Texas


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion by Justice Vela


 Appellant, Sealy RG Valley Buildings, L.P. ("Sealy"), appeals from a judgment that
grants appellee, James T. Griffin's ("Griffin") motion to dismiss and, alternatively, grants
his motion for summary judgment. By three issues, Sealy assails the judgment of the trial
court, primarily attacking only that portion of the trial court's order that alternatively granted
Griffin's motion for summary judgment. (1) We affirm.

 I. Background

A. Underlying Litigation

 Sealy originally sued DNL Warehouse & Distribution Center ("DNL") in Cameron
County Court at Law Number One, for breaches of a lease (the "underlying litigation"). 
Griffin, DNL's president, was never personally named in the underlying litigation. Sealy
obtained a judgment against DNL Warehouse & Distribution Center, also known as
Dimples Nova/Link, Inc., d/b/a DNL Warehouse & Distribution Center, on September 20,
2004. The judgment did not mention Griffin. On November 18, 2004, DNL filed a motion
for clarification, which the trial court granted. (2) In essence, the clarification order stated that
Griffin was not personally liable. 

B. The Current Litigation

 On February 10, 2006, Sealy filed an original petition against Griffin in the 107th 
District Court in Cameron County. In this litigation, Sealy sought a declaration that Griffin
was personally liable for the underlying judgment granted against DNL. Sealy sought this
relief when post-judgment collection efforts failed. Griffin took the position that the
judgment was not enforceable against him. Specifically, Sealy sought a declaration that
it was entitled to reinforce its judgment entered against DNL against Griffin, DNL's "key
man." Griffin filed a motion to dismiss for lack of subject matter jurisdiction and,
alternatively, a motion for summary judgment. The trial court granted both motions.

II. Analysis

 We first address the trial court's dismissal order. Subject matter jurisdiction is a
question of law that we review de novo. Tex. Dept. of Parks and Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to allege facts that affirmatively
demonstrate that the trial court has subject matter jurisdiction. Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings affirmatively negate
jurisdiction, then a plea to the jurisdiction may be granted and the case is properly
dismissed. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

 Sealy couches its pleading as a request for declaratory judgment. A declaratory
judgment is proper only if a justiciable controversy exists as to the rights and status of the
parties and the controversy will be resolved by the declaration sought. Bonham State Bank
v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). Declaratory relief is not available for the
interpretation of a prior judgment entered by that or any other court. Rapid Settlements,
Ltd. v. SSC Settlements, LLC, 251 S.W.3d 129, 140 (Tex. App.-Tyler 2008, orig.
proceeding); see Martin v. Dosohs I, Ltd., 2 S.W.3d 350, 353 (Tex. App.-San Antonio
1999, pet. denied).

 Here, Sealy's petition for declaratory judgment asked the district court to declare,
in effect, the opposite of what the county court's judgment stated. There was no appeal
from the county court's judgment. The supreme court has held that a judgment shall not
be rendered against one who is neither named nor served as a party. KAO Holdings, L.P.
v. Young, No. 07-0197, 2008 WL 2404971, at *1 (Tex. June 13, 2008). Griffin was not a
party to the previous judgment. Further, the Texas Constitution grants courts of appeals
in this state exclusive jurisdiction over appeals from final judgments of district and county
courts. Tex. Const. art. V, § 6. District courts, however have no appellate jurisdiction over
orders entered by county courts, unless expressly authorized. Tex. Const. art. V, § 8; see,
e.g., Christian v. Howeth, 522 S.W.2d 700, 702 (Tex. App.-Ft. Worth 1975, writ ref'd n.r.e). 
Through a request for declaratory relief, Sealy sought review by the district court of the
county court's earlier judgment. The district court does not have "appellate" jurisdiction to
change or alter a county court judgment. Rather, jurisdiction to review a judgment from a
county court is with the courts of appeals. Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(Vernon 1997). Because Sealy sought to obtain relief from the district court that it had no
jurisdiction to grant, the trial court's dismissal order was proper.

III. Conclusion

 We conclude that the trial court properly dismissed the case as it did not have
jurisdiction to review a prior judgment of the county court. We overrule Sealy's points with
regard to his jurisdictional arguments and do not address his issues as they relate to the





granting of Griffin's motion for summary judgment as they are not dispositive. See Tex. R.
App. P. 47.1. The judgment of dismissal is affirmed. 


 ROSE VELA

 Justice

Memorandum Opinion delivered and 

filed this 26th day of August, 2008.








 
1. Griffin urges us to find waiver pursuant to Texas Rule of Appellate Procedure 38.1, because Sealy's
brief does not contain an "issue presented" regarding jurisdiction. Sealy points out in its reply brief that it
addresses all issues in his brief. We believe that his brief raises an argument with regard to jurisdiction and
decline to find that Sealy waived any argument with regard to jurisdiction. 
2. It appears to this Court that the trial court had no jurisdiction to enter the order clarifying the judgment
as the final judgment was entered on September 20, 2004, and nothing in this record shows that the appellate
timetable was extended by post judgment motion. See Tex.R.Civ.P. 329b. As such, the trial court retained
plenary power for only thirty days. The clarification order was signed November 18, 2004, after the court lost
plenary power over the judgment. Therefore, we do not consider the clarification order in our disposition.