

NUMBER 13-07-598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SEALY RG VALLEY BUILDINGS, L.P.,                    Appellant,

v.

JAMES T. GRIFFIN,                    Appellee.

On appeal from the 107th District Court
of Cameron County, Texas

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Sealy RG Valley Buildings, L.P. ("Sealy"), appeals from a judgment that

grants appellee, James T. Griffin's ("Griffin") motion to dismiss and, alternatively, grants

his motion for summary judgment. By three issues, Sealy assails the judgment of the trial court, primarily attacking only that portion of the trial court's order that alternatively granted Griffin's motion for summary judgment.[1] We affirm.

## I. BACKGROUND

### A. Underlying Litigation

Sealy originally sued DNL Warehouse & Distribution Center ("DNL") in Cameron County Court at Law Number One, for breaches of a lease (the "underlying litigation"). Griffin, DNL's president, was never personally named in the underlying litigation. Sealy obtained a judgment against DNL Warehouse & Distribution Center, also known as Dimples Nova/Link, Inc., d/b/a DNL Warehouse & Distribution Center, on September 20, 2004. The judgment did not mention Griffin. On November 18, 2004, DNL filed a motion for clarification, which the trial court granted.[2] In essence, the clarification order stated that Griffin was not personally liable.

### B. The Current Litigation

On February 10, 2006, Sealy filed an original petition against Griffin in the 107th District Court in Cameron County. In this litigation, Sealy sought a declaration that Griffin was personally liable for the underlying judgment granted against DNL. Sealy sought this relief when post-judgment collection efforts failed. Griffin took the position that the

[1]Griffin urges us to find waiver pursuant to Texas Rule of Appellate Procedure 38.1, because Sealy's brief does not contain an "issue presented" regarding jurisdiction. Sealy points out in its reply brief that it addresses all issues in his brief. We believe that his brief raises an argument with regard to jurisdiction and decline to find that Sealy waived any argument with regard to jurisdiction.

[2]It appears to this Court that the trial court had no jurisdiction to enter the order clarifying the judgment as the final judgment was entered on September 20, 2004, and nothing in this record shows that the appellate timetable was extended by post judgment motion. *See* TEX.R.CIV.P. 329b. As such, the trial court retained plenary power for only thirty days. The clarification order was signed November 18, 2004, after the court lost plenary power over the judgment. Therefore, we do not consider the clarification order in our disposition.

judgment was not enforceable against him. Specifically, Sealy sought a declaration that it was entitled to reinforce its judgment entered against DNL against Griffin, DNL's "key man." Griffin filed a motion to dismiss for lack of subject matter jurisdiction and, alternatively, a motion for summary judgment. The trial court granted both motions.

## II. ANALYSIS

We first address the trial court's dismissal order. Subject matter jurisdiction is a question of law that we review de novo. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted and the case is properly dismissed. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Sealy couches its pleading as a request for declaratory judgment. A declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Declaratory relief is not available for the interpretation of a prior judgment entered by that or any other court. *Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 140 (Tex. App.–Tyler 2008, orig. proceeding); *see Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353 (Tex. App.–San Antonio 1999, pet. denied).

Here, Sealy's petition for declaratory judgment asked the district court to declare,

3

in effect, the opposite of what the county court's judgment stated. There was no appeal from the county court's judgment. The supreme court has held that a judgment shall not be rendered against one who is neither named nor served as a party. *KAO Holdings, L.P. v. Young*, No. 07-0197, 2008 WL 2404971, at *1 (Tex. June 13, 2008). Griffin was not a party to the previous judgment. Further, the Texas Constitution grants courts of appeals in this state exclusive jurisdiction over appeals from final judgments of district and county courts. TEX. CONST. art. V, § 6. District courts, however have no appellate jurisdiction over orders entered by county courts, unless expressly authorized. TEX. CONST. art. V, § 8; *see, e.g., Christian v. Howeth*, 522 S.W.2d 700, 702 (Tex. App.–Ft. Worth 1975, writ ref'd n.r.e). Through a request for declaratory relief, Sealy sought review by the district court of the county court's earlier judgment. The district court does not have "appellate" jurisdiction to change or alter a county court judgment. Rather, jurisdiction to review a judgment from a county court is with the courts of appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997). Because Sealy sought to obtain relief from the district court that it had no jurisdiction to grant, the trial court's dismissal order was proper.

## III. CONCLUSION

We conclude that the trial court properly dismissed the case as it did not have jurisdiction to review a prior judgment of the county court. We overrule Sealy's points with regard to his jurisdictional arguments and do not address his issues as they relate to the

granting of Griffin's motion for summary judgment as they are not dispositive. *See* TEX. R. APP. P. 47.1. The judgment of dismissal is affirmed.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 26th day of August, 2008.