**Consuelo H. GABEL, Appellant,**

v.

**Ruben SANDOVAL, Appellee.**

**No. 04–81–00418–CV.**

Court of Appeals of Texas,
San Antonio.

March 9, 1983.

Rehearing Denied April 11, 1983.

Donald H. Fidler, San Antonio, for appellant.

Phil Hardberger, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a summary judgment granted to appellee in a legal malpractice case.

Appellant's principle assertions concern the existence of a written attorney-client employment contract, which allegedly constitutes a genuine issue as to a material fact sufficient to preclude summary judgment. Appellant also claims that her cause of action is for damages for breach of contract and thus controlled by the four year statute of limitations.

On or about April 6, 1976, appellant employed appellee, a duly licensed and practicing attorney, for the purpose of filing a lawsuit against the City of San Antonio for a violation of appellant's civil rights caused by an allegedly wrongful employment termination. Appellant had previously received a determination from the Equal Employment Opportunity Commission (EEOC) that there was reasonable cause to believe appellant's civil rights had been violated, and that she had the right to file a civil action in a United States District Court within ninety days, terminating on July 6, 1976. Based upon this employment contract, appellant brought suit against appellee, claiming appellee had breached the contract by failing to timely file suit. Appellee contends his attorney-client relationship with appellant terminated prior to July 6, 1976, and that proper notice was given to appellant that appellee would not represent her in the lawsuit against the City of San Antonio. Appellant stipulates that her cause of action was filed more than two years from the date the cause of action accrued, but less than four years.

We first note that appellee's brief in support of his motion for summary judgment contains a stipulation by appellee that he was retained by appellant and that a written contract of employment was executed. Consequently, our review is restricted to the question of whether the trial court erroneously granted summary judgment because appellant's cause of action is gov-

erned by the four year statute of limitations rather than the two year statute of limitations.

■ Although appellant contends her cause of action is for damages resulting from a breach of the written contract and controlled by the four year statute of limitations, the prevailing rule of law is that a cause of action for legal malpractice is in the nature of a tort action, and controlled by the two year statute of limitations, Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp. 1982–1983). In *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375, 386 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.) the court held:

> We may assume, without deciding, that the allegations of appellant's petition state a cause of action for legal malpractice, whether it be stated in terms of intentional violations of disciplinary rules, negligence, or negligence per se. Whichever label is placed on it, it is in the nature of a tort action and thus the two year statute of limitations applies.

*See Woodburn v. Turley,* 625 F.2d 589 (5th Cir.1980).

■ The summary judgment proof in the case at bar establishes as a matter of law that there is no genuine issue of fact regarding limitations. Appellant admits the cause of action accrued more than two years before the lawsuit was filed. Our position regarding the application of established law to facts in this case is similar to *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.), where the court stated: "Whatever the equities and inequities may be, our duty is to apply the law to the facts in this case .... If the prevailing rule is to be abrogated, it is the exclusive prerogative of our Supreme Court to announce the modification."

Appellant's points of error one, two and three are overruled. The judgment of the trial court is affirmed.