Dr. Eugene WINOGRAD, Trustee,
Appellant,

v.

CLEAR LAKE CITY WATER AUTHORITY, et al., Appellees.

No. A14–82–489CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Charles W. Kelly, Ross, Griggs & Harrison, Houston, for appellant.

Jeffrey W. Hurt, Chris E. Ryman, Leonard, Koehn, Rose & Hurt, Bellaire, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Dr. Eugene Winograd (Winograd or appellant) appeals from an order granting summary judgment in favor of Clear Lake City Water Authority, Lee Holley, Lawrence A. Otto, Jr., David T. Riley, Robert T. Savely and James C. Smith (Water Authority or appellees). In five points of error, Winograd charges the trial court erred in granting summary judgment. We reverse.

On or about October 5, 1976, at a regularly scheduled meeting of the Water Authority, a representative of the owner of a certain sixty-five acre tract of land appeared before the then Board of Directors and requested water, sewer and drainage service to the tract. At that time the Board was also informed that appellant was negotiating to purchase the entire sixty-five acre tract with the intent of erecting apartments and low-rise office buildings on the tract. The Board subsequently "agreed" to provide such service to the property.

In reliance on the Board's action, appellant purchased the property and constructed two apartment complexes on a portion of the tract. In accordance with its "agreement," the Water Authority provided water, sewer and drainage service to that portion of the tract. Appellant also installed pipelines, lift stations, and other equipment necessary for the receipt and provision of water, sewer and drainage service to the remainder of the tract.

In December, 1978, appellant again appeared before a regularly scheduled meeting of the then Board of Directors and requested water, sewer and drainage service for a separate eight acre tract; he also informed the Board that his plans for development of the remainder of the sixty-five acre tract did not call for the use of water, sewer and drainage service until after April, 1979. The Board granted the request for service to the eight acre tract and allegedly reaffirmed its prior "commitment" to provide water, sewer and drainage service to the entire sixty-five acre tract.

In November, 1979, appellant once more appeared at a regularly scheduled meeting of the then Board of Directors and requested water, sewer and drainage service to the remainder of the sixty-five acre tract. The request was refused on the ground that appellant had "traded" his right to service to the remainder of the tract when he requested and received water, sewer and drainage service to the separate eight acre tract. This action followed.

As causes of action, appellant alleged the Water Authority breached its "commitment" by refusing to provide water, sewer and drainage service to the remainder of the sixty-five acre tract, that such refusal was arbitrary, capricious and discriminatory, and that such refusal deprived him of a vested property right without due process of law and violated his right to equal protection under law. Appellant sought $10,500,000.00 in damages; he also sought to compel provision of water, sewer and drainage service to the remainder of the sixty-five acre tract and to enjoin the receipt of such services by other named property owners until such time as appellant's tract was furnished with adequate water, sewer and drainage service. The Water Authority filed a motion for summary judgment alleging that appellant's causes of action were based on an invalid agreement. Based on the *pleadings,* the trial court granted the motion.

Because of our disposition of the case, we will address only appellant's fifth point of error wherein he contends the trial court erred in granting summary judgment based on the pleadings.

■ Whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983). Only after a party has been given the opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action. *Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). A recognized exception to this rule is that summary judgment on the pleadings is proper if the facts alleged establish the absence of a right of action or create an insuperable barrier to recovery.

*Swilley v. Hughes,* 488 S.W.2d 64 (Tex. 1972).

■ In the case at bar, the trial court's action granting summary judgment effectively dismissed the case for failure to state a cause of action. The Water Authority urges the action was proper because the facts alleged by appellant establish an insuperable barrier to recovery. It argues that appellant's claims are based on an "agreement" which restricted its discretion over its governmental functions and, therefore, appellant's claims are based on a void and unenforceable agreement. In support of its contention, the Water Authority relies on *Clear Lake City Water Authority v. Clear Lake Utilities,* 549 S.W.2d 385 (Tex.1977). In *Clear Lake,* the Clear Lake City Water Authority had agreed to meet the water and sewage treatment needs of a particular tract of land in exchange for the construction and maintenance of a water and sewer pipeline capable of serving the tract; in addition, the plaintiff agreed to pay one and one-half times the rate normally charged by the Water Authority for such service. The supreme court held the agreement, which was indefinite in duration, "bargained away" the Water Authority's power to determine "whether, on any particular date, it is in the best interests of all of its customers and the public in general, to extend water and sewer service to a particular person or entity" and that it was, therefore, void *ab initio* unless treated as terminable at will. The Court, treating it as terminable at will, held the agreement was valid and binding on the parties until it was terminated by the Water Authority.

In the instant case, appellant alleged the existence of a "commitment" to provide water and sewer treatment service. The terms of the "commitment" are not contained in the pleadings. It therefore cannot be determined whether the "commitment" restricted any of the Water Authority's governmental powers. The Water Authority filed special exceptions relating to the existence and terms of the "commitment". However, the record does not show that the special exceptions were presented to and acted on by the trial court, nor is any such contention made in this appeal. In addition, there is no summary judgment evidence showing that the alleged "commitment" or "agreement" was terminated by the Water Authority. *See Clear Lake,* 549 S.W.2d. at 392. To accept the Water Authority's interpretation of *Clear Lake* would be to hold that *any* agreement, written or oral, for the sale of its water and sewage service could be lawfully "breached" by the Water Authority simply by providing the service committed under the agreement to another property owner. We do not believe this to be the intent of the holding in *Clear Lake.*

We therefore find the trial court erred in granting summary judgment. Accordingly, we remand the case to the trial court for further proceedings. On remand, if special exceptions are filed and are sustained and appellant still fails to state a cause of action, then the case may properly be dismissed. *Herring,* 513 S.W.2d at 10.

Reversed and remanded.