Dan **BRUBAKER**, et al., Appellants,

v.

**BROOKSHIRE MUNICIPAL WATER DISTRICT**, et al., Appellees.

No. C14–90–693–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 1991.

Ed Snavely, Harry Herzog, Houston, for appellants.

Michael E. Warrick, Alfred C. Koenig, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment granted in favor of appellees, defendants in the trial court, on appellants' causes of action arising out of appellees failure to provide water and sewer services to an apartment project. Appellants present three points of error contesting the propriety of the summary judgment. We affirm in part and reverse in part.

Appellants, Dan Brubaker, Donna Brubaker, Clyde Brubaker and Maudine Brubaker, alleged in their third amended petition that in 1979, the defendant Brookshire Municipal Water District (District), pursuant to a commitment issued prior to construction, provided water and sewer services to the first phase of appellants' apartment project following its completion. The petition further alleged that in 1984 appellants sought and obtained an oral commitment from the District to provide water and sewer services for the second phase of appellants' apartment project, but that upon completion of the project the District refused to provide the services. This suit resulted against the District and its five officers and/or directors. Appellants' petition alleged causes of action for breach of contract, breach of implied contract, promissory estoppel, negligence in the performance of the contract and "tortious interfer-

ence with a prospective advantage, business relationship and contract." Appellants sought damages, exemplary damages and attorneys fees.

Appellees filed special exceptions setting forth, among other things, governmental immunity of both the District and the individual officers/directors "for all of the acts or omissions therein alleged." Appellees requested that the appellants be ordered by the court "to re-plead and show why governmental immunity should not bar their suit" and show "how each individual named as a Defendant herein may be held liable in their individual capacity." The trial court sustained the special exceptions and ordered appellants to file amended pleadings.

In response, appellants filed their fourth amended petition. In an apparent attempt to show why governmental immunity did not bar the suit, appellants alleged that the suit was brought "in part, pursuant to V.T.C.A. Water Code, Section 51.099" which authorizes suit against the district and "negates any governmental immunity defense or legislative permission to sue (if such defenses were ever available to a conservation and reclamation district ...)." Further, appellants alleged that the acts or omissions of the water district were "proprietary in nature, rather than governmental." In an apparent attempt to show how each individual defendant could be held liable in an individual capacity, appellants alleged that each individually named defendant was a member of the board of directors of the district and that each of them was "negligent in failing to insure that there was adequate capacity to furnish water, sanitary sewer and storm sewer services to Plaintiffs at the time Brookshire Venture II was completed." Additionally, appellants changed the title of their cause of action based upon promissory estoppel to a "contract based upon reliance," but the factual allegations for the cause of action were unchanged.

The District and the individual defendants filed a lengthy motion for summary judgment, supported by authorities; appellants filed a lengthy response, likewise supported by authorities, and the District and the individual defendants filed a reply to appellants' response. The trial court granted the summary judgment. In three points of error, the appellants contend that the trial court erred in granting summary judgment because: (1) there is no governmental immunity from liability for actions in contract; (2) neither the District nor its officers enjoy governmental immunity from tort liability on the facts alleged, and (3) the wrongful acts and conduct of the individually named officers are not shielded by the doctrine of official immunity, even if such doctrine applies to these individuals.

■ The Brookshire Municipal Water District was created in 1951 (Acts 1951, ch. 418, now codified as TEX.REV.CIV.STAT.ANN. art. 8280-146) pursuant to Tex. Const. Article XVI, Sec. 59. As such, it constitutes a political subdivision of the state and operates as a governmental agency performing governmental functions. *Clear Lake City Water Authority v. Clear Lake Utilities Company*, 549 S.W.2d 385 (Tex.1977); *Willacy County Water Control and Improvement District No. 1 v. Abendroth*, 142 Tex. 320, 177 S.W.2d 936 (1944). Appellees contend that *Clear Lake Water Authority* dictates that the oral commitment in this case was terminable at will; that the District terminated the oral commitment and that upon this basis, the trial court properly granted summary judgment on all of appellants' causes of action. In *Clear Lake City Water Authority* the supreme court stated:

Among the powers expressly granted Authority under § 7 of Article 8280-280 [the statute creating the Clear Lake district] is the power to "purchase and construct ... or otherwise acquire and accomplish by any and all practical means, waterworks systems [and] sanitary sewer systems, ... and to operate and maintain same, and to sell water or other services, and to fix rates therefore [sic]...." It is further provided that "Authority may exercise any of the rights, powers and authorities granted by this Act within or without the boundaries of Authority...." Authority could not, by contract or otherwise, bind itself

in such a way as to restrict its free exercise of these governmental powers, nor could it abdicate its governmental functions, even for a "reasonable time" ... [citations omitted]. Unless the contract is treated as terminable at will, it would have this impermissible effect and would, as Authority contends, be void ab initio—a result the parties could not have intended.

*Clear Lake City Water Authority v. Clear Lake Utilities Company*, 549 S.W.2d at 391.

The same statutory provisions recited by the court in *Clear Lake City Water Authority*, as governing its operation, are contained in the statute creating the District in this case.

Appellants distinguish *Clear Lake City Water Authority* on the basis that there "Utilities became an intermediary or exclusive franchisee between the Authority and the end user of the Authority's services," and that in this case, because they are "end users" of the services, a different rule applies to them. We agree. There were several vices in the contract in *Clear Lake City Water Authority:* (1) it was indefinite in duration; (2) it obligated the authority to meet all water and sewer treatment needs for Clear Lake utilities, the intermediary providing water and sewer services to its customers; (3) it precluded the authority from extending services directly to landowners within a portion of its district (that serviced by utilities) under terms and rates that it deemed best and (4) the rates charged the landowners by utilities were not governed by the utilities—authority agreement. These provisions caused the agreement to have "the effect of potentially controlling and embarrassing Authority in the exercise of its governmental power." *Clear Lake City Water Authority*, 549 S.W.2d at 392. Consequently, the court held the contract unenforceable. The District here contends that the same reasoning voids the subject oral agreement.

In *Winograd v. Clear Lake City Water Authority*, 654 S.W.2d 862 (Tex.App.— Houston [14th Dist.] 1983, ref'd n.r.e.), the water authority advanced the same construction of *Clear Lake City Water Authority* that the District here advances. In rejecting such broad interpretation, we stated, at page 864:

To accept the Water Authority's interpretation of *Clear Lake* would be to hold that *any* agreement, written or oral, for the sale of its water and sewage service could be lawfully "breached" by the Water Authority simply by providing the service committed under the agreement to another property owner. We do not believe this to be the intent of the holding in *Clear Lake.*

We therefore sustain appellants' first point of error and hold that the trial court erred in granting the motion for summary judgment on the pleadings on the causes of action sounding in contract.

■ In their second point of error appellants contend that the trial court erred in granting summary judgment "as to the causes of action sounding in tort because neither the water district nor its officers and/or directors enjoy governmental immunity." The basis for appellants' claim is that the District was engaged in a proprietary function. The supreme court has foreclosed this issue adverse to the appellants' contentions in *Bennett v. Brown County Water Improvement District No. 1*, 153 Tex. 599, 272 S.W.2d 498 (1954). There the court forcefully pointed out that districts, such as the one in this case, are "bodies politic and governmental bodies" performing only governmental functions and "regardless of what [our] individual opinion [of the Justices] upon the question may be" the court was obligated "to obey the mandate of the people of Texas when they have spoken so clearly in the adoption of Section 59, Article XVI of our present Constitution." We hold that the District is immune from liability for the tort claims alleged by appellant. *Bennett*, 272 S.W.2d at 502; *Kelly v. Galveston County*, 520 S.W.2d 507 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Appellants' second point of error is overruled.

■ In their third point of error appellants contend that the trial court erred in granting the motion for summary judg-

ment "as to the causes of action against the individual named defendants, because the wrongful acts and conduct alleged are not shielded by the doctrine of official immunity." The special exceptions directed to the allegations of the third amended petition on the liability of the individual officers/directors complained that the petition "contains no allegations tending to render those Defendants liable in their individual capacities." After the trial judge sustained the exceptions and ordered appellants to replead, appellants filed their fourth amended petition. The only allegations of this latest amended petition which sought to impose liability on the individual officers/directors were:

> Defendants, RHEMAN HALBISON, BEN HUBBARD, KATHLEEN KLAUS-MEYER, ROBERT BAILEY and KAMERON SEARL were negligent in failing to insure that there was adequate capacity to furnish water, sanitary sewer and storm sewer services to Plaintiffs at the time Brookshire Venture II was completed. The acts and omission of the individual Defendants lacked good faith and were arbitrary, capricious, without legal right and deprived the Plaintiffs of constitutional rights, which acts and omissions subject the individual Defendants to individual liability. Defendants acted in concert with each other in their acts and omissions, which were a proximate and producing cause of injury to the Plaintiffs.

 Public officials engaged in the performance of governmental functions have immunity to the same extent as the unit of government for which they perform those functions. They are liable personally only when, in the exercise of the powers conferred upon them, they have acted wilfully, maliciously or when activated by malice. *Dallas County Flood Control District v. Fowler*, 280 S.W.2d 336 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.); *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425 (1954). Appellants did not allege any facts which would impose individual liability on the individual officers/directors within the applicable rules.

After the trial judge sustained special exceptions and the amended petition later filed still failed to state a cause of action, it was proper for the trial judge to grant summary judgment. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex. 1974); *Winograd v. Clear Lake City Water Authority*, 654 S.W.2d at 864. Appellants' third point of error is overruled.

We sever the causes of action against the District based on contract and reverse and remand; we affirm the remainder of the summary judgment, both as to the District and the individual officers/directors.