Stanley JAMPOLE, William Jampole, Daniel Joseph Jampole, Debra E. Bodell, and Laura Sue Vinogradov, Appellants,

v.

W. Douglas MATTHEWS and Schmidt, Matthews & Brannon, P.C., n/k/a Schmidt & Matthews, Appellees.

No. 01-91-00312-CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 4, 1993.

Opinion on Motion for Rehearing May 13, 1993.

---

Jimmy G. Williamson, Larry J. Doherty, Houston, for appellants.

Linda Burkett, Timothy F. Lee, Douglas Matthews, Houston, for appellees.

Before MIRABAL, SAM BASS and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a take-nothing summary judgment denying recovery to clients who asserted their attorney's fee was excessive. We reverse and remand.

In 1979, Judith Goodley Jampole died from injuries suffered when her Chevy Vega was struck in the rear by another car and caught fire.[1] That same year, the appellants, her husband, Stanley, and children, William, Daniel, Debra, and Laura Sue (the Jampole family), signed an agreement (the fee agreement) with Attorney Arthur Combs authorizing him to file suit against the other driver and the Chevrolet Company. As consideration, Combs would receive 33⅓ percent of any settlement made before trial, or 40 percent if collection or settlement was made during or after trial. Combs referred the case to the appellees, W. Douglas Matthews (Matthews) and Schmidt, Matthews & Brannon (the firm). Matthews and Combs agreed in writing that the firm would receive 60 percent of the total attorney's fees collected and Combs would receive the remaining 40 percent. Combs died in February 1981.

Matthews brought suit against General Motors (GM), and the case settled in August 1986 before trial. In June 1986, shortly before the case settled, Matthews sent a letter to the Jampole family giving them a status report. He also asked the Jampole family to consider raising the firm's fee to 40 percent from 33⅓ percent because the firm had invested large amounts of its

money as case costs and court costs at no interest, because products liability cases involved a good deal of risk in recovery, and because 40 percent was closer to the firm's standard fee.[2] Matthews closed the letter by saying that, if the Jampole family felt the fee should remain 33⅓ percent, it would stay at 33⅓ percent.

In late June 1986, Stanley Jampole and Matthews verbally agreed to change the fee to 33⅓ percent of any recovery up to $2.75 million and 50 percent of any recovery in excess of that amount. On August 11, 1986, the Jampole family and GM agreed to a $3.5 million settlement. GM made the final settlement payment on April 22, 1988.

On October 17, 1989, the Jampole family filed suit against Matthews and the firm. The plaintiffs alleged they were entitled to damages for paying a fee higher than that called for in the fee agreement, because of the defendants' overreaching (*Archer v. Griffith*, 390 S.W.2d 735 (Tex.1964)), breach of fiduciary duty, breach of contract, violation of the Deceptive Trade Practices Act (DTPA),[3] negligence, gross negligence, fraud, deceit, and misrepresentation. When the defendants filed a general denial and asserted limitations as an affirmative defense, the plaintiffs amended their pleading to assert the discovery rule. According to the plaintiffs, they

> instituted these claims within the appropriate time limitations after Defendants fraudulently took their money in August, 1986, after Defendants' attorney/client relationship ended with final accounting and payment by Defendant in April, 1988 or late 1989, and/or they discovered, knew or should have known in mid 1989 of the wrongdoing by the Defendants.

On October 12, 1990, Matthews and the firm filed a motion for summary judgment.

---

1. See *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984, orig. proceeding).

2. According to Matthews, for years the firm's standard fee had been 40 percent if collection or settlement was made after suit was filed, and 45 percent if collection or settlement was made after notice of appeal had been given and an

appeal bond filed. Matthews' letter stated that, because there had been an appeal completed to the Texas Supreme Court, the firm's standard fee would actually be 45 percent.

3. TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987).

They sought summary judgment on the following two grounds:

1. The statute of limitations for causes of action arising out of the rendering of legal services is two years and this suit was brought [more than two years] after the plaintiffs knew and should have known of alleged facts giving rise to a cause of action.

2. The plaintiffs failed to replead in accordance with the court's order and the defendants were entitled to have plaintiffs' pleadings stricken, [and] alternatively and additionally to have this motion for summary judgment granted as to all claims.

The trial court granted the motion for summary judgment in favor of Matthews and the firm without specifying the grounds relied on.

In their first point of error, the Jampole family contend the trial court erred in granting summary judgment based on limitations because (1) the statute of limitations for fraud is four years, and they alleged and presented evidence of fraud, and (2) the statute of limitations for a breach of contract claim is four years, and they presented evidence of breach of contract.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11

(Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery*, 669 S.W.2d at 310–11. Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ.). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The parties agree that the usual statute of limitations is four years for fraud[4] and four years for breach of con-

---

4. *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990).

tract.[5] If the four-year statute of limitations applies, limitations had not run on the fraud and breach of contract causes of action when suit was filed on October 17, 1989, because the causes of action accrued at the earliest in June or August 1986, when Stanley Jampole and Matthews agreed to modify the fee. However, Matthews and the firm argue that the Jampole family's cause of action is really one for legal malpractice, and that, no matter what label is given the cause of action, legal malpractice is governed by a two-year statute of limitations. They rely on *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988), *Pham v. Nguyen*, 763 S.W.2d 467 (Tex. App.—Houston [14th Dist.] 1988, writ denied), *Sledge v. Alsup*, 759 S.W.2d 1 (Tex. App.—El Paso 1988, no writ), *Black v. Wills*, 758 S.W.2d 809 (Tex.App.—Dallas 1988, no writ), *Gabel v. Sandoval*, 648 S.W.2d 398 (Tex.App.—San Antonio 1983, writ dism'd), *Woodburn v. Turley*, 625 F.2d 589 (5th Cir.1980), and *Citizens State Bank v. Shapiro*, 575 S.W.2d 375 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.). They acknowledge a contrary holding in *Estate of Degley v. Vega*, 797 S.W.2d 299 (Tex. App.—Corpus Christi 1990, no writ).

In *Willis v. Maverick*, the attorney drafted the divorce settlement agreement for both husband and wife. The husband urged the attorney to delete the provision allowing the wife to reside in the marital home, and the provision was deleted. According to the wife, the attorney assured her that, despite the deletion, she would still have to agree before the home was sold. 760 S.W.2d at 643. A year after the divorce, the wife received notice of the husband's intent to force partition of the home. *Id.* A year later, the wife sued the attorney, alleging legal malpractice and violation of the DTPA. There was no allegation of fraud in the trial court. *Id.* at 647. Nor does there appear to have been a claim of breach of contract. The supreme court stated:

> At the outset, we express agreement with the court of appeals' determination that the two-year statute of limitations

governs the case. A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute.

*Id.* at 644 (citations omitted). We read this decision as meaning that when an attorney is sued for malpractice based on negligence and violations of the DTPA, the limitations period is two years. We do not understand the supreme court to be saying that the limitations period is two years for legal malpractice, regardless of how the causes of action are formulated. In *Willis*, no cause of action was asserted with a limitations period longer than two years.

In *Citizens State Bank v. Shapiro*, the bank, as executor of the former husband's estate, continued his lawsuit against the lawyers who had represented him and his wife in various business dealings, and his wife in their divorce proceeding. 575 S.W.2d at 378. The lawsuit alleged six different causes of action, including negligence in discharging their duty as lawyers, breach of warranty, breach of contract, and misrepresentation. *Id.* at 378–79. The Tyler Court of Appeals stated:

> We may assume, without deciding, that the allegations of appellant's petition state a cause of action for legal malpractice, whether it be stated in terms of intentional violations of disciplinary rules, negligence, or negligence per se. Whichever label is placed on it, it is in the nature of a tort action and thus the two-year statute of limitations applies.

*Id.* at 386. The court also noted that the limitations period for an action of fraud and deceit was two years. *Id.* at 380. Today, the limitations period for fraud is four years. *Williams*, 802 S.W.2d at 658. Finally, the court stated that the contract cause of action did nothing more than reiterate the causes of action for negligence, misrepresentation, and fraud and deceit, for which the limitations period was two years. *Id.* at 387. Even if it was a contract cause of action, the court noted there was no allegation that the contract was in

---

5. *Williams*, 802 S.W.2d at 653; *French v. Bank of the Southwest Nat'l Ass'n*, 422 S.W.2d 1, 4

(Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.).

writing, and a two-year limitations period applied to oral contracts. *Id.* As we read *Citizens State Bank,* there was no applicable four-year statute of limitations involved.

In *Woodburn v. Turley,* Woodburn sued his former attorneys for malpractice because they failed to file notice of intent to sue under the federal Age Discrimination in Employment Act of 1967, which was a prerequisite to maintaining a lawsuit under the act. 625 F.2d at 591–92. He later amended his cause of action to include breach of contract. The federal district court, relying on *Citizens State Bank,* held that malpractice actions against attorneys in Texas sounded in tort, regardless of how the plaintiff framed his complaint. 625 F.2d at 592. Therefore, the court affirmed the dismissal of Woodburn's claim because it was not filed within the two-year limitations period. *Id.* The court also relied on *Pack v. Taylor,* 584 S.W.2d 484, 486 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r.e.), *Cox v. Rosser,* 579 S.W.2d 73, 75 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.), and *Crawford v. Davis,* 148 S.W.2d 905, 907 (Tex.Civ.App.—Eastland 1941, no writ). The cause of action in those cases was negligence. Accordingly, we do not find *Woodburn* to be authority for the proposition that all legal malpractice actions are subject to a two-year limitations period regardless of the cause of action plead.

We have studied *Sledge v. Alsup.* The plaintiff there sought monetary damages for alleged attorney malpractice in a real estate transaction based on breach of contract, legal malpractice, and fraud. 759 S.W.2d at 1. The El Paso Court of Appeals, relying on *Willis,* stated that a cause of action for legal malpractice is in the nature of a tort and governed by the two-year limitations statute. *Id.* at 2. The court further stated, that nothing was to be gained by "fracturing a cause of action arising out of bad legal advice or improper representation into claims for negligence, breach of contract, fraud or some other name." *Id.* As we noted above, we do not read *Willis* as holding that the limitations period is two years for legal malpractice,

regardless of how the causes of action are formulated.

We have reviewed *Pham v. Nguyen, Black v. Wills,* and *Gabel v. Sandoval.* For their holdings that a cause of action for legal malpractice is a tort action, controlled by the two-year statute of limitations without regard to the cause of action asserted, they rest on *Woodburn* and *Citizens State Bank. Pham,* 763 S.W.2d at 469; *Black,* 758 S.W.2d at 814; *Gabel,* 648 S.W.2d at 399. As we have discussed above, *Woodburn* followed *Citizens State Bank* without inquiring into what limitations period applied to what cause of action. Unlike the case in *Woodburn,* the limitations period was the same for all causes of action plead in *Citizens State Bank.*

The plaintiff in *Estate of Degley* brought a motion in probate court to recover allegedly excessive legal fees charged to the estate because of fraud, breach of fiduciary duty, and overreaching. The Corpus Christi Court of Appeals held that legal malpractice, breach of fiduciary duty, and overreaching were properly classified as torts under *Willis* and were subject to a two-year limitations period. *Estate of Degley,* 797 S.W.2d at 302–303. The court also held that a cause of action for fraud is classified as an action on debt and subject to a four-year limitations period. *Id.* at 303; *see Gordon v. Rhodes & Daniel,* 102 Tex. 300, 116 S.W. 40, 41 (1909).

We distinguish, as the Corpus Christi Court of Appeals did, between an action for negligent legal practice and one for fraud allegedly committed by an attorney relating to the establishing and charging of fees for services. Similarly, we distinguish between an action for negligent legal practice and one for breach of contract relating to excessive fees for services. Accordingly, we sustain the appellants' first point of error because the proper limitations period for both fraud and breach of contract is four years.

In their second point of error, the Jampole family assert, in part, that the trial court erred in granting summary judgment

based on limitations because a fact issue was raised under the discovery rule.

A two-year statute of limitations applies to the Jampole family's causes of action other than those for fraud and breach of contract. Unless the statute is tolled by the discovery rule, or some other theory, limitations will bar the other causes of action.[6]

The Jampole family amended their petition to plead the discovery rule after Matthews and the firm pled the statute of limitations in their original answers to the suit. The Jampole family's third amended petition states, in part:

Plaintiffs would show that they are entitled to the benefit of the discovery rule as set forth by the Texas Supreme Court in the case of *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988). In this regard, plaintiffs would assert that the Defendants [Matthews and the firm] fraudulently concealed their wrongdoing through their conspiracy of silence. Defendants are equitably estopped to assert any statute of limitations. Plaintiffs instituted these claims within the appropriate time limitations after Defendants fraudulently took their money in August, 1986, after Defendants' attorney/client relationship ended with final accounting and payment by Defendant in April, 1988 or late 1989, and/or they discovered, knew or should have known in mid 1989 of the wrongdoing by the Defendants. Further, and in the alternative, plaintiffs would show that they have instituted this suit within the appropriate time limitations after the termination of the attorney/client relationship between the plaintiffs and the defendants. Plaintiffs would show unto the Court that such limitations did not begin to run nor did the cause of action accrue upon the case until such time that the attorney/client relationship was terminated in late 1989.

 Matthews and the firm moved for summary judgment based in part on limitations. When a defendant moves for sum-

mary judgment on the basis of limitations, and the plaintiff raises the discovery rule, the defendant must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990); *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977); *Rose v. Baker & Botts*, 816 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Only when a case proceeds to trial on the merits does the burden shift to the plaintiff to plead and prove the requirements of the discovery rule. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988).

 The discovery rule is an exception to the general rule that a cause of action accrues when facts come into existence authorizing a claimant to seek a judicial remedy. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Rose*, 816 S.W.2d at 810. When applied, the rule tolls the running of the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of its injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Rose*, 816 S.W.2d at 810. The Texas Supreme Court has applied the discovery rule to a limited number of cases, including: legal malpractice, DTPA violations, and fraud. *Moreno*, 787 S.W.2d at 351; *Willis*, 760 S.W.2d at 644–45; *Rose*, 816 S.W.2d at 810.

 In their motion for summary judgment, Matthews and the firm argued that the Jampole family knew of the facts giving rise to their cause of action no later than August 11, 1986, the date of the final settlement with GM. They pointed to Stanley Jampole's deposition, where he testified that before the final settlement of August 11, he discussed with his children that he thought Matthews was unfair in seeking to negotiate a new fee at the "eleventh hour" and that he was concerned Matthews might

---

**6.** Suit was filed on October 17, 1989. The causes of action accrued at the earliest in June or August 1986.

delay the settlement if he did not agree to a higher fee.

The Jampole family respond that the issue is not when they discovered there was a renegotiation of the fee agreement, but when they realized or should have realized that Matthews and the firm had no right to renegotiate the fee agreement. They assert there is a fact issue about when they realized or should have realized that no such right existed.

■ Under the discovery rule in a legal malpractice case, limitations starts to run from the date the claimant discovers or should have discovered the facts establishing the elements of the claimant's cause of action. *Willis*, 760 S.W.2d at 644; *Hartsough v. Steinberg*, 737 S.W.2d 408, 411 (Tex.App.—Dallas 1987, writ denied). One of the elements of the cause of action alleged by the Jampole family is that Matthews and the firm overreached and breached their fiduciary duty to inform the Jampole family that Matthews and the firm were not entitled to seek an increase in fees. The Jampole family specifically alleged that they did not discover, and reasonably should not have discovered, the breach of the fiduciary duty until well within two years of their filing suit on October 17, 1989. Matthews and the firm did not prove, as a matter of law, that the Jampole family discovered, or reasonably should have discovered prior to October 17, 1987, the existence of, and breach of, the alleged fiduciary duty.

Accordingly, we sustain point of error two.

■ In their third point of error, the Jampole family contend the trial court erred in rendering summary judgment on the basis of any special exceptions, to the extent it did.

Matthews and the firm filed special exceptions to the Jampole family's second amended petition. The trial court granted some of the exceptions and directed the Jampole family to replead within 30 days. They did so by their third amended petition.

In their brief in support of the motion for summary judgment, Matthews and the firm, in addition to seeking a take-nothing summary judgment based on the statute of limitations, requested that the Jampole family's pleadings be stricken as sanctions for violation of the order sustaining the special exceptions, and that summary judgment then be granted for failure to state a claim. They asserted that the third amended petition did not state any act or omission by them that would form the basis of a cause of action, was a series of legal conclusions, and wholly failed to provide sufficient information to prepare a defense. The trial court did not strike the pleadings and in its final judgment stated that the plaintiffs "take nothing by virtue of their causes of action."

■ The general rule is that a summary judgment may not be used to resolve whether pleadings fail to state a cause of action. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 704 (Tex.App.—Houston [1st Dist.] 1987, writ denied). Only after a party has been given an opportunity to amend, after special exceptions have been sustained, may the case be dismissed for failure to state a claim. *Massey*, 652 S.W.2d at 934 (citing *Herring*, 513 S.W.2d at 10); *James*, 742 S.W.2d at 704; *Geochem Laboratories v. Brown & Ruth Laboratories*, 689 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

In *Brubaker v. Brookshire Municipal Water District*, 808 S.W.2d 129, 133 (Tex. App.—Houston [14th Dist.] 1991, no writ), the court held that, after the trial judge sustained special exceptions and the amended petition later filed still failed to state a cause of action, it was proper for the trial judge to grant summary judgment. The court relied on *Herring* and *Winograd v. Clear Lake City Water Authority*, 654 S.W.2d 862, 863 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). However, in such circumstances, *Herring* and *Winograd* stated in dicta that *dismissal* was proper. *Herring*, 513 S.W.2d at 10; *Winograd*, 654 S.W.2d at 863.

It would not have been proper for the trial judge, if he did, to grant a summary judgment in this case based on the failure of the plaintiffs' amended pleadings to conform to the order granting the special exceptions. Accordingly, we sustain the appellants' third point of error.

We reverse the judgment and remand the cause to the trial court.

O'CONNOR, J., not participating in the decision.

## OPINION ON MOTION FOR REHEARING

Appellees, Matthews and the firm, have filed a motion for rehearing, which we overrule with brief comment.

For clarity, we emphasize that this case does not present for determination the issue of whether Matthews and the firm had a right to renegotiate the fee agreement with the Jampole family, or whether they properly did so. Matthews and the firm did not assert as grounds for summary judgment that they are not liable as a matter of law. Neither did they assert as grounds for summary judgment that there is no fiduciary duty under *Archer v. Griffin*, 390 S.W.2d 735 (Tex.1965), which prohibits an attorney from renegotiating a fee agreement during the existence of the attorney-client relationship. Rather, the only asserted grounds for summary judgment were procedural grounds, that the running of the applicable statute of limitations barred appellants' suit, and that the failure to replead by the Jampole family in accordance with the trial court's order entitled Matthews and the firm to summary judgment. We intend no comment *on the merits* of the Jampole family's allegations against Matthews and the firm, because such issues are not before us on this appeal of the summary judgment.

Secondly, we note that *Rose v. Baker & Botts*, 816 S.W.2d 805 (Tex.App.—Houston [1st Dist.] 1991, writ denied), although similar, is distinguishable from the present case. In *Rose*, it was irrelevant to the opinion that, although the plaintiff had pled facts raising the discovery rule defense, there was a lack of evidence. We stated:

> There is no summary judgment evidence on later discovered facts that supports [plaintiff's] cause of action, and therefore, no genuine issue of fact about when [plaintiff] (or her father) discovered or should have discovered the nature of the injury.

*Rose*, 816 S.W.2d at 811.[1]

In contrast, the summary judgment evidence in the present case includes deposition testimony from Stanley Jampole, one of the plaintiffs, to the effect that it was not until June 1989, when he spoke to another attorney, that he discovered the acts of Matthews and the firm were inappropriate to the extent that Jampole had grounds to sue them. Again, whether the acts of Matthews and the firm were *actually* inappropriate is not an issue before us on this summary judgment appeal.

We overrule the motion for rehearing.

BASS, J., also participating.

---

**1.** It appears from the opinion in *Rose* that the defendant presented sufficient summary judgment evidence to entitle it to judgment, thereby shifting the burden to the plaintiff to raise a fact issue by submitting her own summary judgment evidence. The plaintiff failed to meet her burden.