Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00592-CV

David **DORNAK**,
Appellant

v.

**THE CARLSON LAW FIRM, P.C.**, Edna Elizondo Stenberg as Heir of the Estate of Frank
Jared Stenberg, and Teresa Christian, Individually,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-16805
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

David Dornak appeals the granting of summary judgment in favor of the Carlson Law

Firm, P.C., Edna Elizondo Stenberg as Heir of the Estate of Frank Jared Stenberg, and Teresa

Christian (collectively "Carlson"). Carlson represented Dornak in a personal injury claim arising

out of an automobile accident. After Dornak became dissatisfied with Carlson's representation,

Dornak released Carlson from further representation, settled the lawsuit himself, and filed this

suit against Carlson. Carlson then filed a no-evidence and traditional motion for summary

judgment, which was granted by the trial court. We find no error and affirm the trial court's judgment.

## DISCUSSION

Dornak who appeared in the trial court, and now on appeal, pro se argues that the trial court erred (1) in granting Carlson's no-evidence motion for summary judgment; (2) in considering as evidence Teresa Christian's undated affidavit; (3) in granting summary judgment because the motion did not address all of Dornak's claims contained in his third amended petition, which was filed after Carlson filed its motion for summary judgment; and (4) in excluding the exhibits Dornak attached as summary judgment evidence. We affirm.

### A. *Issue One*

In his first issue, Dornak argues that the trial court erred in granting Carlson's no-evidence motion for summary judgment. Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt. In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* TEX. R. CIV. P. 166a(i).

At the time Carlson filed its no-evidence motion for summary judgment, Dornak's live pleading was his first amended petition.[1] Dornak titled his first amended petition "Suit for Rescission, Fraud, Fraud in the Inducement, Conspiracy to Defraud and Damages." He included a lengthy "Background and Facts" section in which he described his relationship with and complaint regarding Carlson. Essentially, Dornak complained that he entered into a contract with Carlson without talking to an attorney and only spoke with paralegals. Further, he complained that Carlson referred him to a medical doctor who never actually treated him but instead turned his treatment over to a chiropractor. Dornak also alleged in his petition that he terminated the services of Carlson after his valid claims were jeopardized by the fraudulent medical clinic operating in conjunction with Carlson. Further, Dornak claimed that Carlson indicated it had a lien on over 90% of the settlement offer amount.

Dornak's pleading continued by alleging Carlson violated Rule 1.5(a) of the American Bar Association, Model Rules of Professional Conduct. Dornak's pleading further alleged that his contract with Carlson should be void and that the contract constituted fraud in the inducement because Dornak never met with attorneys before entering into the contract. Dornak next alleged that Carlson breached its contract when Carlson sent him to a doctor with whom it had a special relationship and in violation of good faith and fiduciary duty. Dornak further stated the contract was breached by fraudulent billing and by a demand letter that was based on fraudulent medical reports. Dornak then prayed for damages in the amount of $1,893,000.00.[2]

---

[1] By the time Carlson's no-evidence and traditional motion for summary judgment was heard, Dornak's live pleading was his third amended petition, which was not significantly different from his first amended petition. This issue will be further considered in the discussion of Issue 3.

[2] At the summary judgment hearing, Dornak represented to the court that before he terminated Carlson's services, Carlson had obtained a settlement offer of $13,000. Dornak stated that he subsequently, on his own, settled his case for $25,000.

Carlson's no-evidence motion for summary judgment broke down Dornak's pleading into claims for (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) conspiracy to commit fraud; and (4) breach of contract. Further, Carlson argued in its motion that to the extent Dornak made claims for negligence, summary judgment was appropriate because Dornak could produce no expert testimony regarding the standard of care and causation.[3]

With regard to fraudulent misrepresentation, Carlson argued that Dornak could produce no evidence that Carlson ever claimed more than thirty-three and a third percent of the settlement proceeds as written in its contract with Dornak. In response to Carlson's motion, Dornak attached his affidavit in which he contended the law firm and the doctor "were placing a lien on 90% of the proposed settlement of my injury claim." Dornak, however, produced no evidence that Carlson alone was claiming an amount in excess of thirty-three and a third percent for its fees; in fact, Carlson attached to its motion for summary judgment a letter addressed to Dornak that indicated it would take less than thirty-three and a third percent of the settlement proceeds. Additionally, Dornak produced no evidence that he was harmed by any misrepresentation from Carlson. According to Dornak's affidavit, he received more than twice the amount in settlement than he would have received had Carlson continued to represent him.

With regard to the fraudulent inducement claim, Carlson alleged that Dornak could produce no evidence that he was fraudulently induced to enter into a contract with Carlson. In his affidavit in response to Carlson's motion, Dornak stated he would not have entered into the

---

[3] We note that Dornak's claims, for the most part, relate to improper representation by Carlson and, therefore, are essentially legal malpractice claims. *See Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (holding claims of breach of fiduciary duty, breach of duty of good faith and fair dealing, fraud, DTPA violations, breach of contract, and breach of express and implied warranties amounted to nothing more than allegations of legal malpractice). Only those claims relating to attorney's fees fall outside the ambit of legal malpractice. *See Jampole v. Matthews*, 857 S.W.2d 57, 62 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (distinguishing between an action for negligent legal practice and one for fraud allegedly committed by an attorney relating to the establishing and charging of fees for services). The trial court recognized this case was essentially a legal malpractice case, commenting that "legal malpractice is fairly complex" and you have to prove "the underlying negligence case, as well as the legal malpractice case."

contract with Carlson had he known he would never visit with an attorney, that he would not be honestly and vigorously represented, that he would not see a medical doctor for treatment, and that he would be fraudulently billed. Dornak, however, produced no evidence that even if he was fraudulently induced to enter into the contract, he was harmed in any way as a result.

As to the conspiracy claim, Carlson likewise argued in his motion that Dornak could produce no evidence. In his affidavit, Dornak complained that Carlson referred him to a medical doctor who turned Dornak's care over to a chiropractor. Further, Dornak alleged Carlson and the doctor engaged in a scheme to cheat Dornak out of most of his insurance settlement money while keeping the proceeds themselves. Dornak, however, produced no evidence of such a scheme and, as stated above, produced no evidence of any resulting harm.

With regard to breach of contract, Carlson again argued in its motion that Dornak could produce no evidence to support the claim. And, again, Dornak's affidavit consisted merely of complaints regarding his relationship with Carlson. The affidavit, however, is no evidence of how Dornak was harmed as a result.

Finally, in its no-evidence motion for summary judgment, Carlson pointed out that to the extent this was a negligence case, Dornak could not produce expert evidence as to the standard of care and causation, which he was required to do. *See Alexander v. Turtur & Assocs. Inc.*, 146 S.W.3d 113, 117-18 (Tex. 2004). In his responsive affidavit, Dornak produced no evidence, expert or otherwise, as to the standard of care, causation, or damages.

Therefore, we hold the trial court did not err in granting Carlson's no-evidence motion for summary judgment.

## B. *Issue Two*

Carlson filed both a no-evidence and traditional motion for summary judgment. Dornak claims on appeal that the trial court erred in considering the affidavit of Teresa Christian, which Carlson presented as summary judgment proof in support of its traditional motion for summary judgment, because the affidavit was undated. First, to the extent the trial court granted Carlson's no-evidence motion for summary judgment, the affidavit was unnecessary to the motion. Second, the rule does not require that an affidavit in support of a motion for summary judgment be dated. *See* TEX. R. CIV. P. 166a(f). And, third, the rule provides that defects in form must be objected to or else they are waived. *Id.* Dornak did not object and, therefore, any complaint on appeal was waived.

## C. *Issue Three*

Dornak contends on appeal that Carlson's motion for summary judgment did not address all of his claims because after Carlson filed its motion for summary judgment, but before the motion was heard and ruled upon by the trial court, Dornak filed a third amended petition. In his third amended petition, Dornak added to the title of his pleading "Breech [sic] of Fiduciary Duty." Then, he added the word "fiduciary" to a list of acts that he claimed were intended to defraud him. In his response to the motion for summary judgment, Dornak noted that he had amended his petition since the motion for summary judgment was filed; however, he pointed to no new facts or allegations beyond those contained in prior pleadings. In fact, his third amended petition contained no substantive change from his first amended petition, the live pleading on file at the time Carlson filed its motion for summary judgment. If it can be said that Dornak added a new cause of action by alleging breach of fiduciary duty, then that allegation was subsumed

within Carlson's argument that, to the extent this was a negligence case, Dornak could produce no evidence of any negligence.

*D. Issue Four*

In his final issue, Dornak complains that the trial court erred in excluding from consideration all the exhibits attached to his pleadings. Dornak attached the following to his pleadings: the contract between himself and Carlson; a copy of a Carlson advertisement; his own medical records; correspondence from Carlson to the other party's insurance company; and correspondence from Carlson to Dornak. In its reply to Dornak's response to Carlson's motion for summary judgment, Carlson objected to the unauthenticated documents attached to Dornak's pleadings on hearsay grounds. There is no indication, however, that the trial court ever ruled on Carlson's objections. Thus, the trial court did not exclude the documents from its consideration. Moreover, even if the trial court did consider the attachments to Dornak's pleadings, we find nothing in those unauthenticated documents to support Dornak's claims against Carlson.

## CONCLUSION

After considering all Dornak's issues on appeal, we find the trial court did not err in granting Carlson's summary judgment, and therefore we affirm the trial court's judgment.

Karen Angelini, Justice